BERTHA HELENA SMITH, Plaintiff, *v.* RALPH A. GOLD and Others, Defendants.

Supreme Court, Westchester County, April 27, 1938.

*Krieger & Krieger*, for the plaintiff.

*Harry M. Bardez*, for the defendants.

PATTERSON, J. The plaintiff moves for reargument of the motion herein, which was for leave to the plaintiff to enter a deficiency judgment and which motion was denied. The motion for leave to reargue is granted.

The action is to foreclose a mortgage, which mortgage was within the purview of section 1083-a of the Civil Practice Act. The defendant Gold was personally served with the summons and complaint and appeared by an attorney who waived service of all papers and notices except notice of sale and surplus money proceedings. The summons, served upon the said defendant, was indorsed as follows:

" Please take notice:  *  *  *  That no personal claim is made against you or any other defendant except the defendant, Ralph A. Gold."

The prayer for relief did not contain a demand for a deficiency judgment, but did ask in addition to the usual demand in foreclosure actions that the plaintiffs may have such other, further and different relief as in the premises may be just and equitable. There was no recital of a deficiency judgment in the final judgment of foreclosure and sale.

Within the time fixed by section 1083-a of the Civil Practice Act a motion was made for a deficiency judgment against the defendant Ralph A. Gold. I assume that he received due notice of such application for a deficiency.

The question now presented is whether it was essential that the complaint make specific prayer for judgment and/or the final judgment of foreclosure and sale should grant such judgment of deficiency.

There is no doubt that prior to the enactment of section 1083-a, in order to obtain a deficiency judgment, there would have to be a recital for a deficiency in the final judgment of foreclosure and sale, but the plaintiff now argues, by reason of the enactment of that section, the prayer in the complaint for a deficiency is futile, useless and surplusage, and any recital in the judgment granted could have no effect whatsoever because of the legislative bar enacted as section 1083-a; that section 479 of the Civil Practice Act does not oblige the plaintiff to ask for a deficiency judgment because, in any event, he could not get it by asking for it.

Reverting to the failure to ask for a deficiency judgment in the prayer, I think the indorsement on the summons and the prayer " for such other and further relief as in the premises may be just and equitable," was sufficient to put the defendant on notice, but the failure of any recital of a deficiency judgment in the final judgment of foreclosure and sale is another matter.

It appears to me that, notwithstanding section 1083-a, with its limitations upon deficiency judgments, an adjudication as to the parties responsible for a deficiency must be contained in the judgment of foreclosure and sale. A foreclosure judgment is final

in that it determines absolutely the rights of the parties. It is true that section 1083-a provides that no judgment shall be granted for any residue of the debt remaining unsatisfied as prescribed by section 1083, in an action to foreclose a mortgage which shall be commenced during the emergency except upon motion made within ninety days after the date of the consummation of the sale by the delivery of the deed, etc. The judgment referred to in the opening sentence of the section is the final judgment of foreclosure and sale. (See *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94.)

It cannot be disputed that a judgment of foreclosure and sale is not only final by statutory definition but by the reported decisions has been held to be final and an adjudication of all questions at issue.

It appears to me that before there can be a deficiency judgment there must be an adjudication as to who is liable therefor. Section 1083-a contains no provision nor is it authority for finding who is liable for a deficiency. Hence, it must be found, if at all, in the judgment of foreclosure and sale. Assuming a deficiency judgment is found as a fact, a judgment thereon could not be entered by the clerk because he would be governed by the judgment of foreclosure and sale, which fails to provide against whom the judgment is to be entered.

Section 1083-a had for its purpose the protection of the mortgagor against unconscionable deficiency judgments during the period of emergency. It protects the mortgagor from the entry of a deficiency judgment in an amount based merely upon the mathematical computation of the difference between the amount the property brought at the sale and the amount of the judgment. The mortgagee is still entitled to a deficiency if the court finds, upon a motion, provided for by section 1083-a, that the value of the property at the time of sale was less than the amount of the judgment. Deficiency judgments were not wiped out by the enactment of section 1083-a. The amount thereof and the method of obtaining the same alone were regulated or limited as above set forth, but nothing therein seems to dispense with a recital in the judgment of foreclosure and sale that the plaintiff is entitled to a deficiency judgment and against whom he is entitled to it, under the limitations as fixed by the court in the motion for a deficiency under the provisions of section 1083-a.

Therefore, the final judgment of foreclosure and sale herein should have contained a recital that the plaintiff was entitled to a deficiency judgment against the defendant Gold in such an amount, if any, as the court shall direct.

I adhere to my original determination upon this reargument, namely, that the failure of the final judgment of foreclosure and sale to provide for a deficiency judgment bars the plaintiff from prosecuting the motion under section 1083-a for a deficiency against the defendant Gold.