BANKERS TRUST COMPANY, Appellant, *v.* 1 EAST 88TH STREET CORPORATION, Respondent, Impleaded with Another.

Argued June 5, 1940; decided July 24, 1940.

*Vermont Hatch, Richard L. Maloney, Jr.,* and *Brackley Shaw* for appellant. Assuming that where the provisions of section 1083-a of the Civil Practice Act are applicable it is necessary that a judgment of foreclosure and sale adjudicate liability on the bond (and consequently for a deficiency if a deficiency judgment be allowed later), then the judgment of foreclosure and sale in the present case is sufficient, especially if it is viewed, as it may be viewed, in the light of the record. (*People ex rel. Congress Hall* v. *Ouderkirk,* 120 App. Div. 650; *Pneumatic Scale Corp.* v. *Mainwaring,* 286 Fed. Rep. 378; *Clay* v. *Hildebrand Bros. & Jones,* 34 Kan. 694; *Sharp* v. *Zeller,* 114 La. 549; *Rodee* v. *City of Ogdensburg,* 86 Misc. Rep. 229; *Matter of Cullen,* 163 Misc. Rep. 410; *Banning* v. *Sabin,* 41 Minn. 477; *Flack* v. *Andrews,* 86 Ala. 395; *Louisville, St. L. & T. R. R Co.* v. *Barrett,* 13 Ky. L. Rep. 232; *Nordstrom* v. *Payne,* 86 N. J. L. 361.) Under the provisions of section 1083-a of the Civil Practice Act and the new policy of the State declared thereby, it is no longer proper for the judgment of foreclosure and sale to contain a judgment for the provisional personal liability for a deficiency. It is sufficient if the judgment of foreclosure and sale preserves plaintiff's right to apply for a deficiency judgment. (*Heiman* v. *Bishop,* 272 N. Y. 83; *Equitable Life Ins. Society* v. *Stevens,* 63 N. Y. 341; *Jamaica Sav. Bank* v. *M. S. Investing Co.,* 274 N. Y. 215; *Feiber Realty Corp.* v. *Abel,* 265 N. Y. 94; *Bondy* v. *Aranson & List Realties, Inc.,* 227 App. Div. 136; *Emigrant Industrial Sav. Bank* v. *Van Bokkelen,* 269 N. Y. 110; *Honeyman* v. *Hanan,* 275 N. Y. 382.) The

Court of Appeals has the power under section 105 of the Civil Practice Act to correct or supply any mistake, omission, irregularity or defect in this judgment or to disregard any such mistake, omission, irregularity or defect. (*S. J. E. Building Corp.* v. *Matt O. M. Construction Co.*, 265 N. Y. 282.)

*Walter H. Liebman, D. William Leider* and *Harold I. Cammer* for respondent. The final judgment of foreclosure and sale does not adjudicate that the defendant-respondent is liable for a deficiency judgment. (*Calvo* v. *Davies*, 73 N. Y. 211; *Paine* v. *Jones*, 76 N. Y. 274; *Rutherford Realty Co.* v. *Cook*, 198 N. Y. 29; *N. Y. Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292; *Honeyman* v. *Hanan*, 275 N. Y. 382; 302 U. S. 375; *Honeyman* v. *Jacobs*, 306 U. S. 539; *Tinkelman* v. *415 E. 12th St. Corp.*, 251 App. Div. 377; *Smith* v. *Gold*, 168 Misc. Rep. 404; *Morris* v. *Morange*, 38 N. Y. 172; *Wager* v. *Link*, 134 N. Y. 122; *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94; *Emigrant Ind. Sav. Bank* v. *Van Bokkelen*, 269 N. Y. 110; *Guarantee Title & Mortgage Co.* v. *Scheffres*, 275 N. Y. 30.) The second question certified does not present any proposition decisive of the appeal and requires no answer. An adjudication of liability cannot be created in a final judgment in the light of the record. (*Baehr* v. *Smith*, 169 App. Div. 574; *Matter of Grifenhagen* v. *Ordway*, 218 N. Y. 451.) The absence of an adjudication of liability for a deficiency cannot be disregarded under section 105 of the Civil Practice Act. (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94; *Herpe* v. *Herpe*, 225 N. Y. 323; *Baehr* v. *Smith*, 169 App. Div. 574; *Conger* v. *Callahan*, 252 App. Div. 867; *Tousey* v. *Barber*, 132 Misc. Rep. 861.)

LOUGHRAN, J. The action is one to foreclose a real property mortgage. Plaintiff's application under Civil Practice Act, section 1083-a, for leave to enter a deficiency judgment against the defendant 1 East 88th Street Corporation was denied at Special Term. The Appellate Division affirmed by a divided vote and allowed the plaintiff

to bring the case here. Three questions have been certified. Plaintiff has also appealed as of right. The permission to appeal was unnecessary. Accordingly the questions certified will not be answered, but it will be convenient to use them as statements of the issues.

The first question is as follows: " Does the final judgment of foreclosure and sale adjudicate that the defendant 1 East 88th Street Corporation is liable for a deficiency judgment that may be allowed on application to the Court pursuant to the provisions of section 1083-a of the Civil Practice Act? " The sole provision of the judgment in respect of a deficiency is in these words: " * * * that if the proceeds of such sale be insufficient to pay the amount so reported due the plaintiff, with the interest and costs and additional allowance and interest thereon as aforesaid, that said Referee specify the amount of such deficiency in his report of sale, without prejudice to any rights of the plaintiff to make application for the entry of a deficiency judgment in accordance with Sections 1083 and 1083-a of the Civil Practice Act * * *." This is not an adjudication of the liability of any party for a deficiency.

The second question is as follows: " In the light of the judgment roll, does the final judgment of foreclosure sufficiently adjudicate that 1 East 88th Street Corporation is liable for any deficiency judgment that may be allowed on application to the court pursuant to the provisions of said judgment and section 1083-a of the Civil Practice Act? " We assume that the courts below had power to read the judgment as a sufficient determination of the provisional personal liability of the defendant 1 East 88th Street Corporation for a deficiency, if the right of the plaintiff to that relief was clear upon the judgment roll. But no statute directs that an adjudication of such a liability must in that case be deduced from the record. In the Court of Chancery the orthodox practice was to supply by a separate and distinct order a failure of the judgment to determine liability for a deficiency. (*Sprague* v. *Jones*, 9 Paige, 395.) No order of that kind was sought by this plaintiff. We cannot

say that none was necessary. Where no mandatory statute is applicable, we have no function to deal with matters of practice in the lower courts. (Cf. *Moore* v. *Shaw*, 77 N. Y. 512.)

The third question is as follows: " If there was a mistake, omission, irregularity or defect in the final judgment of foreclosure and sale, should the Court pursuant to the provisions of section 105 of the Civil Practice Act, have disregarded such mistake, omission, irregularity or defect and directed the fixation of a deficiency judgment pursuant to section 1083-a of the Civil Practice Act? " Section 105 provides that an omission may be supplied " in the discretion of the court " and must be disregarded " if a substantial right of any party shall not be thereby prejudiced." The power so conferred was not invoked by plaintiff in the courts below. This third question is not before us.

The order should be affirmed, with costs.

LEHMAN, Ch. J., FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.