■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. DONLEY, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted, there being compliance with *People v Crawford* (71 AD2d 38). (Appeal from judgment of Ontario County Court—burglary, third degree, and other charges.) Present—Simons, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.

■ HELEN M. FREDERICKS, Respondent, v MICHAEL J. COURTNEY et al., Defendants, and ROBERT J. McCOMBS, Appellant.—Order unanimously modified and, as modified, affirmed, without costs in accordance with the following memorandum: Plaintiff sold property to defendant McCombs who gave a mortgage to plaintiff. McCombs subsequently conveyed the property to Courtney who assumed the mortgage. Upon Courtney's failure to make payments on the mortgage, plaintiff served a summons and complaint for foreclosure upon him and upon McCombs. The *ad damnum* clause contained a demand for a deficiency judgment against Courtney but not against McCombs. Courtney and McCombs defaulted and plaintiff submitted to the court a final judgment of foreclosure and sale which provided for a deficiency judgment against McCombs as "original debtor on the bond and mortgage and sole party now personally liable in view of Courtney's bankruptcy." The matter was referred to a Referee to conduct a judicial sale. The property sold for $1,000 leaving a deficiency of $22,324.90. When plaintiff served a notice of motion for deficiency judgment in that amount, McCombs cross-moved for an order nullifying all proceedings against him subsequent to the judgment of foreclosure and sale, or vacating and setting aside the order of reference and permitting him to interpose a defense in response to the original complaint. Special Term vacated the judgment of foreclosure as to McCombs insofar as it granted a deficiency judgment and granted plaintiff the right to serve an amended complaint upon McCombs containing a demand for a deficiency judgment. On appeal, McCombs contends that the entire judgment of foreclosure and sale should be vacated and that plaintiff should not be allowed to amend her complaint. A default judgment may be set aside completely or in part and the court may impose such conditions on the parties "as may be just" (CPLR 5015, subd [a]; *Leale v New York City Health & Hosps. Corp., 69 AD2d 832; Schutzer v Berger,* 40 AD2d 725). Special Term properly vacated that part of the judgment which granted a deficiency judgment against McCombs inasmuch as such relief was not demanded in the complaint (CPLR 3215, subd [b]). In addition, allowing plaintiff to amend her complaint to allege a demand for a deficiency judgment against McCombs was a proper exercise of discretion since the original complaint gave McCombs adequate notice of the underlying claim against him as surety and McCombs will be able to assert in his answer any defenses he may have to the claim for the deficiency. The sale should also be set aside as McCombs' status as a party defendant is different from what it was when the property was sold, and he should be given an opportunity to participate in a sale of the property. (Appeal from order of Monroe Supreme Court—deficiency judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Moule, JJ.