■ HAVEN ASSOCIATES, Appellant, v DONRO REALTY CORP., Respondent, et al., Defendants.—In an action to foreclose two mortgages, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sherman, J.), dated July 9, 1987, which denied its motion to cure a defect in a judgment of the same court, dated March 7, 1984, as amended September 24, 1986.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the computation of principal and interest due on the debt underlying the mortgages in issue, and for entry of a further amended judgment in accordance herewith.

The underlying facts of this case are set forth in this court's memorandum decision on the parties' prior appeal *(Haven Assocs. v Donro Realty Corp.,* 121 AD2d 504). After an amended judgment was entered on September 24, 1986, in compliance with this court's order, the plaintiff moved pursuant to CPLR 5019 to cure allegedly inadvertent omissions in the original judgment not in issue on the prior appeal to this court. Specifically, the plaintiff claimed that while it had undeniably been awarded a "judgment of foreclosure", the judgment made no mention of the amounts owing to the plaintiff on the debts secured by the mortgages upon which foreclosure was granted. The plaintiff's contention, with which we agree, was that an underlying obligation is essential to a mortgage and a dollar amount must be assigned thereto to determine whether or not the funds realized at a foreclosure sale satisfy the debt, or whether a deficiency or surplus remains *(see,* 3 Powell, Real Property ¶ 442 [1]). The Supreme Court, however, denied the motion to cure the defect in the judgment of foreclosure, as amended, and this appeal ensued.

CPLR 5019 (a) provides that "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured". Pursuant to this section, clerical amendments may be made to a judgment when it inadvertently omits provisions clearly intended by the court *(see, Crain v Crain,* 109 AD2d 1094; *cf., Stormville Mountain Homes v Zurhorst,* 35 AD2d 562). Such a situation is present at bar, as it is undisputed that the trial court intended to award the plaintiff a valid and enforceable judgment of foreclosure. Therefore, the matter is remitted to the Supreme Court, Suffolk County, for a computation of the amounts due and owing to the plaintiff on the debts secured by the mortgages upon which foreclosure was granted.

We note that the respondent's substantive rights are unaffected by the instant determination, as the mortgages upon which foreclosure was granted were without recourse against it, and the respondent no longer holds title to the encumbered property. In fact, it appears that Suffolk County took title to the subject property in an in rem tax proceeding. Accordingly, the plaintiff may, if it be so advised, commence whatever action is necessary, joining all interested parties, to determine the extent of its interest in the property. Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.