**SECURITY PACIFIC MORTGAGE AND REAL ESTATE SERVICES, INC., Plaintiff,**

**v.**

**HERALD CENTER LIMITED f/k/a Voloby Limited, Herald Center, Inc., NYL, Inc. f/k/a Greatneckers, Inc. d/b/a the New York Land Company, NYL Properties, Inc., the People of the State of New York, the City of New York, Nastasi–White, Inc., Meltzer Mechanical Contractors, Inc., Empire City Iron Works, Roth Painting Company, Inc., Central Pump Service Corp., W & W Products, Inc., David Shuldiner, Inc., Safety Lift Company, Able Sprinkler Company, Inc., Airkem–Manhattan, Inc., Robert V. Samuels, Inc., Glockhurst Corporation, N.V., New York State Tax Commission and the Republic of the Philippines, Defendants.**

No. 87 Civ. 3628(PNL).

United States District Court, S.D. New York.

Feb. 26, 1990.

---

Weil, Gotshal & Manges, New York City (Michael K. Stanton and Richard Tashjian, of counsel), for plaintiff.

Sills Cummis Zuckerman Radin Tischman Epstein & Gross, New York City (James M. Hirschhorn, of counsel), for defendant Republic of the Philippines.

Shereff, Friedman, Hoffman & Goodman, New York City (Andrew J. Levander, of counsel), for defendant Herald Center Ltd.

Golenbock, Eiseman, Assor, Bell & Perlmutter, New York City (David J. Eiseman, of counsel), for defendant Glockhurst Corp. N.V.

Fried Frank Harris Shriver & Jacobson, New York City (Jonathan L. Mechanic and James Eller, of counsel), for intervenor Morris Bailey.

## OPINION AND ORDER

LEVAL, District Judge.

This is an action for foreclosure of a mortgage on the Herald Center building.

The mortgagee, Security Pacific Mortgage and Realty Estate Services, Inc., (hereinafter "SPMRES" or the "Bank") moves to amend the Final Judgment of Foreclosure and Sale ("Final Judgment") *nunc pro tunc* under Fed.R.Civ.Pro. 54(b) or under Rule 60(b) to include language to permit the establishment of a deficiency against Herald Center, Ltd. SPMRES also demands summary judgment against Glockhurst on the collateral mortgage. Finally, SPMRES seeks to amend the Final Judgment to include provision for collection of the deficiency by enforcement of Glockhurst Company N.V.'s collateral mortgage on 200 Madison Avenue.[1]

## BACKGROUND

SPMRES is the holder of a construction loan note executed by Voloby Limited, the predecessor of Herald Center, Ltd., as part of an agreement between Voloby and Security Pacific Mortgage Corporation ("SPMC"). That note is secured by the mortgage of the Herald Center building. The debt is further secured by a collateral second mortgage issued by Glockhurst to SPMC, on the property known as 200 Madison Avenue. SPMC has assigned this collateral mortgage to SPMRES.

On July 1, 1988, summary judgment of foreclosure was granted in favor of SPMRES foreclosing the Herald Center mortgage. No ruling was made at that time on SPMRES' motion for summary judgment on the Glockhurst collateral mortgage.

SPMRES then obtained a Final Judgment of Foreclosure and Sale, issued May 17, 1989. (An Amended Final Judgment was issued on July 28, 1989 (hereinafter "Final Judgment")). That Final Judgment contained no language relating to the recovery of a deficiency under New York Real Property Actions and Proceedings Law ("RPAPL") § 1371.[2] Herald Center

---

1. SPMRES' motion is opposed by defendants Glockhurst Company, N.V., Herald Center, Ltd., the Republic of the Philippines, and opposed in part by intervenor Morris Bailey, the winning bidder at the auction of Herald Center.

2. Security Pacific requests that the following language permitting the finding of a deficiency against Herald Center, Ltd., be added to the judgment of foreclosure:

was auctioned pursuant to the Final Judgment on November 8, 1989, to Morris Bailey, the only bidder, for a price of $25 million. Closing under the foreclosure sale has not yet occurred. The amount outstanding on the debt is in dispute, but apparently approaches $60 million.

## DISCUSSION

Glockhurst argues that the relief requested by SPMRES is substantive and thus governed by state law. Because both federal and state law permit the granting of the relief, I find it unnecessary to decide whether the issue presented is substantive or procedural.

### I. *Nunc Pro Tunc Amendment under New York law*

■ In a suit to foreclose a mortgage, New York law allows a final judgment to provide as well for payment by a person "liable to the plaintiff for the payment of the debt" of the portion of the "debt remaining unsatisfied" after a sale of the mortgaged property. N.Y. Real Property Actions & Proceedings § 1371(1) (McKinney 1979). If the sale of property under such a judgment fails to cover the debt, and the judgment expressly provided for recovery of the deficiency, the mortgagee may move (within 90 days) for leave to enter a deficiency judgment under New York Real Property Actions & Proceedings § 1371. The statute then requires the court to calculate the "sum of the amount owing by the party liable," and issue an order directing the entry of the deficiency judgment. If the motion for deficiency judgment is not made as prescribed, the proceeds of the sale "shall be deemed to be

ORDERED that, if the proceeds of such sale are insufficient to pay the amounts due to SPMRES herein, with the expenses of the sale, interest, costs and allowances, amounts due to the Special Master, all real property taxes, assessments and water rates which are liens on Herald Center at the time of sale, or any liens or encumbrances placed by a New York City agency upon Herald Center which have priority over the mortgage, the Special Master shall specify the amount of any deficiency in his report of sale, and SPMRES recover of defendant Herald Center Limited f/k/a Volo-

in full satisfaction of the mortgage debt." § 1371(3).

The purpose of § 1371 was to protect mortgagors, after default, from double recovery through combined suits in equity—for the sale of the property—and in law, on the note. Before § 1371, the mortgagee could manipulate two awards so as to recover, by obtaining a judgment at law for the full amount of the debt, as well as a decree in equity for the sale of the mortgaged property. 14 Carmody–Wait 2d § 92:7 (1967). The § 1371 deficiency proceeding combines the legal and equitable remedies for mortgage default, so that the mortgagor can be held liable on the note only for that amount unsatisfied after the foreclosure sale.

SPMRES requests relief from its inadvertent omission of language under § 1371(1) awarding it the payment of the residue of the debt remaining unsatisfied after the sale of Herald Center. Glockhurst, holder of a collateral mortgage, joined by Herald Center Ltd., as represented by Sheriff Friedman, responds that under New York law, SPMRES' failure to include language "awarding a deficiency" before the holding of the auction bars it from seeking a deficiency judgment either from Herald Center, Ltd. or from Glockhurst.

■ Under New York law, a trial judge may amend a final judgment so that the judgment effectuates the intention of the court and provides relief to which a party would be entitled as a matter of course. *Stannard v. Hubbell*, 123 N.Y. 520, 25 N.E. 1084 (1890). *Haven Associates v. Donro Realty Corp.*, 149 A.D.2d 667, 540 N.Y.S.2d 478 (App.Div.1989). Such an

by Limited the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of Herald Center and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the New York Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said Section.

amendment is regarded as procedural, and governed by procedure law. N.Y.Civ.Prac. L. & R. § 5019(a).[3] *Haven Associates*, 540 N.Y.S.2d at 479 ("[C]lerical amendments may be made to a judgment when it inadvertently omits provisions clearly intended by the court."). In *Stannard*, a trial judge issued findings of facts and law in an action for breach of contract, without expressly speaking to the validity of a compensation clause contained in the contract. At the request of plaintiffs, the judge amended his findings in a subsequent order. The amendment stated that the findings did *not dispose of the compensation* clause question, and hence was "without prejudice to either party asserting or denying such abrogation in any other action." 123 N.Y. at 524. The Court of Appeals found such amendment to be within the trial judge's power. The Court stated that the trial judge has the inherent power to correct "clerical errors or a mistake in the entry of [a final] judgment, or ... [to] *direct the insertion in the judgment of a provision to which the party would have been entitled as matter of course in connection with the relief granted."* 123 N.Y. at 527, 25 N.E. 1084 (emphasis added).[4] *See also Herpe v. Herpe*, 225 N.Y. 323, 327, 122 N.E. 204 (1919) ("[O]mission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment."), *cited in Irving Trust Co. v. Seltzer*, 265 A.D. 696, 40 N.Y.S.2d 451, 454 (App.Div.1943).

■ If the requested amendment alters substantive rights of parties, it is beyond the power of the court. *Stannard, supra;* CPLR 5019(a). In the mortgage foreclosure context, substantive rights would be affected by an amendment adding a deficiency if, for example, the party against whom the deficiency is sought had relied upon the absence of the language in the judgment in not attending the foreclosure sale or otherwise protecting her interests in avoiding deficiency, or if that party were prejudiced by inadequate notice of the proceeding. *See, e.g., Irving Trust Co. v. Seltzer*, 265 A.D. 696, 40 N.Y.S.2d 451 (App.Div.1943) (default judgment of sale cannot be amended after sale to include deficiency language; however, plaintiff granted leave to proceed in separate suit for judgment on bond); *Baehr v. Smith*, 169 A.D. 574, 155 N.Y.S. 453 (App.Div.1915) (amendment not permitted, since plaintiff was presumed to rely in not appealing or attending the sale); *Gellens v. Saso*, 44 N.Y.S.2d 84 (Sup.Ct.1943) (reliance is presumed); *Folser v. Brown*, 43 N.Y. S.2d 247 (Sup.Ct.), *aff'd*, 266 A.D. 954, 44 N.Y.S.2d 590 (App.Div.1943) (court has "power to amend judgment" where deficiency was obviously being sought by party but should not exercise it because of actual reliance); *Tousey v. Barber*, 132 Misc. 861, 231 N.Y.S. 133 (Sup.Ct.1928) (reliance on lack of deficiency language presumed). *See also Banker's Trust v. 1 East 88th St.*, 283 N.Y. 369, 373, 28 N.E.2d 875 *reh'g denied*, 284 N.Y. 593, 29 N.E.2d 668 (1940) (framing, without answering, issue to be whether "an omission of [deficiency language] may be supplied 'in the discretion of the court' and must be disregarded 'if a substantial right of any party shall not thereby be prejudiced.' ") (*citing* CPLR § 5019(a)). *But see Conger v. Callahan*, 252 A.D. 867, 299 N.Y.S. 975 (App.Div. 1937); *Smith v. Gold*, 168 Misc. 404, 5 N.Y.S.2d 230, 232–33 (Sup.Ct.1938).

The clear import of New York law on this matter is that courts should exercise caution and circumspection before amending, *nunc pro tunc*, a judgment of sale. Amending such a judgment after auction has taken place (although before the judg-

---

**3.** N.Y.Civ.Prac.L. & R. § 5019(a) provides in relevant part:

"A judgment or order shall not be stayed, impaired, or affected by any mistake, defect or irregularity in the papers or procedures in the actions not affecting a substantial right of a party."

**4.** The court continued: "But it would seem to be inconsistent with principle that a trial court after its function has been terminated by an award of final judgment, should then be permitted to amend the judgment in a matter of substance for error committed on the trial or in the decision, or by amendment to limit the legal effect of the judgment to meet some supposed equity subsequently called to its attention." *Id.*

ment has been fully executed) is fraught with possibilities of prejudice.

In this case, however, it is clear that no party would be prejudiced by the amendment of the judgment to include language permitting the establishment of a deficiency against Herald Center, Ltd. The complaint sought payment of the entire debt, and ¶ 6 of the prayer for relief was a request that Herald Center, Ltd., be held liable for any deficiency. Herald Center and Glockhurst, the issuer of a collateral mortgage to Security Pacific, were both named and appeared as parties in the action.[5] Neither has advanced any substantial defenses to the finding of summary judgment against Herald Center on the Herald Center mortgage. SPMRES had sought summary judgment of foreclosure of the collateral mortgage against Glockhurst prior to the grant of the judgment of foreclosure against Herald Center. Glockhurst successfully opposed on grounds of prematurity. Neither Glockhurst nor Herald Center alleges bias, prejudice, or injury of any sort that would result from the correction of the omission of deficiency language. Nor has either defendant requested vacatur of the sale—indeed, Glockhurst explicitly opposes SPMRES's request for a resale. Glockhurst, which is liable on its collateral mortgage for a deficiency, concedes it was always aware of Security Pacific's intention to establish a deficiency after the sale of Herald Center and to enforce the collateral mortgage.[6] It was also clear to all parties that the sale of Herald Center would not satisfy the amount owing on the mortgage debt. Glockhurst's counsel apparently attended the auction of Herald Center. SPMRES Reply Brief at 19.

The court's intention was to grant SPMRES the right to recover the residue of the mortgage debt owing after a sale of Herald Center. Further, defendants would bear no prejudice in view of their prior knowledge of SPMRES's intention to seek such a deficiency as a natural outcome of the foreclosure suit. SPMRES, in contrast, would suffer an enormous unmerited loss in the event the judgment is not amended to provide technically for proof of a deficiency after sale. In such a situation, amending the judgment does not affect "substantive rights" and New York law poses no barrier to an amendment of the judgment.

## II. *Amending the judgment under the Federal Rules of Civil Procedure*

■ If the issue of amending the judgment is classified as a procedural matter (as in New York law), federal equity practice clearly permits amendment of the judgment to include deficiency language.

SPMRES argues that the Final Judgment of Sale, despite its caption, is not final and it therefore may be amended under Fed.R.Civ.Pro. 54. Rule 54(b) states in relevant part:

> In the absence of such determination and direction [that a judgment entered is final and that there is no just reason for delay], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Here, partial summary judgment was granted to SPMRES with respect to its claims against Herald Center, but the order specifically deferred decision on the claims

---

**5.** Herald Center, Ltd., adopts the arguments in briefs filed by Glockhurst.

**6.** At the December 15, 1989 hearing, the following colloquy took place between the court and David Eiseman, counsel for Glockhurst:

> THE COURT: ... In this case it couldn't have been more clear to Glockhurst that Security Pacific was seeking, would seek to en-force the collateral mortgage in the event of a deficiency since they moved for the judgment and you [Glockhurst] opposed it on timing grounds.
> MR. EISEMAN: There's no question that I knew of his intention. At the same time, your Honor, there clearly were issues with respect to the deficiency judgment all along.

of SPMRES against Glockhurst. A grant of partial summary judgment is not final. *Acha v. Beame,* 570 F.2d 57 (2d Cir.1978). *See also Laffey v. Northwest Airlines, Inc.,* 642 F.2d 578, 584 (D.C.Cir.1980) ("An order is final only when the court has resolved all disputed matters before it and need take no further action save to execute the judgment."). In *Laffey,* all that remained was calculations of the amounts of backpay owed to plaintiffs by defendants, who had violated the Equal Pay Act and Title VII. The court held that the order could be amended under Rule 54(b) as a nonfinal order, rather than pursuant to Rule 60(b). *See also In re Agent Orange Product Liability Litigation,* 733 F.2d 10, 13 (2d Cir.1984) (court has power to modify interlocutory orders and rulings at any time prior to final judgment).

Even if the judgment is final, Rule 60(b) permits the court to amend it in these circumstances.[7] In deciding a Rule 60(b) motion to amend or rescind a final judgment, a court must balance the policy in favor of serving the ends of justice against the policy in favor of finality. *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2857 (1973 & Supp.1989). Rule 60(b) motions must be made within a reasonable time and at least within one year after the judgment is issued. Fed.R. Civ.Pro. 60(b). While the decision is committed to the discretion of the trial judge, *Nemaizer,* 793 F.2d at 61, the evidence in support of the motion must be "highly convincing," a party must show good cause for failure to act sooner, and no undue hardship must be imposed on other parties. *Kotlicky v. U.S. Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d Cir.1987). Further, Rule 60(b) is not a substitute for appeal, the ordinary method of addressing judicial errors. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

Here, equitable factors strongly support granting 60(b)(1) relief to SPMRES. All parties were well aware of SPMRES' intention to establish a deficiency judgment. That is obvious from the complaint and prayer for relief. SPMRES simply forgot to include in the proposed judgment the technical language allowing it to obtain that relief.

The Philippines argues that *Nemaizer* stands for the proposition that the mere mistake of an attorney because of ignorance of the law is not excusable under 60(b)(1). *Nemaizer,* however, is inapposite. In that case, the parties stipulated to dismiss a state claim with prejudice. The attorney did not foresee that the stipulation would also foreclose an ERISA claim in federal court. The 60(b)(1) claim arose only when the issue of the effect of that judgment was raised in federal court in answer to an ERISA claim. The Second Circuit held that a misunderstanding of the legal consequences of a stipulation with prejudice did not justify 60(b)(1) relief.

Here, in contrast, the parties universally understood what SPMRES expected the judgment to provide. The accidental omission of technically required language caused no misunderstanding, confusion, or prejudicial reliance. SPMRES will suffer enormous prejudice if the relief is denied. The adverse parties would receive a windfall which they never anticipated, and to which they have no reasonable entitlement. *See C–Suzanne Beauty Salon, Ltd. v. General Ins.,* 574 F.2d 106, 110 (2d Cir. 1978). *See also Chick Kam Choo,* 699 F.2d at 696 (Rule 60(b) relief may be granted when attorney malfeasance results in "dire consequences for his client").

Amending the judgment, furthermore, would not disrupt the policy in favor of finality. The litigation of the mortgage default is not yet concluded, as the rights of SPMRES against Glockhurst have not been adjudicated. The judgment has been only partially executed. The auction has

---

**7.** Rule 60(b) states in relevant part:
   *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . .

occurred, and a buyer stands ready to purchase the building. However, no closing has occurred, and under RPAPL § 1371, a motion for a deficiency proceeding may still be timely made. This is not a case where the judgment has been fully executed or been given *res judicata* effect.

SPMRES's motion to amend the judgment *nunc pro tunc* to include deficiency language against Herald Center, Ltd., is granted.

### III. *Summary Judgment on the Glockhurst collateral mortgage*

■ In July 1988, the court deferred ruling on SPMRES' motion for summary judgment on the Glockhurst collateral mortgage. SPMRES requests that the court now grant summary judgment. SPMRES contends that it is compelled by New York law to sue Glockhurst and Herald Center in the same action under *Sanders v. Palmer,* 68 N.Y.2d 180, 507 N.Y.S.2d 844, 499 N.E.2d 1242 (1986). SPMRES further contends that, under *Sanders,* summary judgment must be granted on all obligations collateral to the mortgage being foreclosed. Accordingly, SPMRES requests summary judgment against Glockhurst and the inclusion of deficiency language against Glockhurst in the judgment of sale.

SPMRES reads *Sanders* to bar recovery on any collateral obligation if a finding of liability is not made before the sale of the very first piece of collateral. *Sanders,* however, does not bar the pursuit of a collateral mortgage after the first foreclosure sale. In *Sanders,* the Court of Appeals considered the foreclosure of a mortgage of property of a corporate debtor. That debt was also secured by a mortgage of separate property of an individual guarantor. The individual guarantor, Palmer, was named as a party defendant in the suit against the corporate debtor. Palmer was also named as a defendant in a separate proceeding. All defendants, including Palmer, defaulted in both proceedings. Plaintiffs obtained the foreclosure of the corporate property in the first suit, but neglected to request *any* deficiency language. Plaintiffs apparently did not at-

tempt to pursue Palmer in the first suit, and the court refused to permit plaintiffs to sue Palmer separately in a second action in *Sanders v. Palmer.* The court ruled that all defendants must be named in a single action. It stated that it need not decide whether Palmer (who defaulted in the first proceeding) would have been entitled to notice of the application for a deficiency judgment, had one been made in the first proceeding, and continued,

It is, moreover, clear that the 'party against whom such judgment is sought' within the meaning of RPAPL 1371(2) is *not limited to the mortgagor.* Had application been made in the prior action for judgment fixing the deficiency resulting from sale of the [corporate] property, the determination made by the court would, therefore, have fixed the amount obtainable by plaintiffs on defendant Palmer's guarantee and mortgage and would have been binding upon her.

*Sanders v. Palmer,* 507 N.Y.S.2d 844, 847, 499 N.E.2d 1242, 1245 (citations omitted) (emphasis added). When several mortgages secure a single debt, *Sanders* apparently requires that they be foreclosed in a single action. The security shall be sold in separate sales, and after each sale, there shall be an application for determination of the deficiency resulting from the sale. *Sanders* does not require a finding of liability *in principle* before the holding of the first sale. The parties have cited no other cases requiring such a finding.

Moreover, Glockhurst argues that the contract does not permit summary judgment to be granted against Glockhurst until a deficiency has been found. Clause 48 of the mortgage agreement, on which Glockhurst relied on opposing SPMRES's motion for summary judgment, states:

48. *Resort to Mortgaged Property.* This mortgage is a collateral Mortgage given by Mortgagor to Mortgagee and it is the intention of the parties that the remedy of Mortgagee to foreclose or otherwise take possession of the Mortgaged Property for any default in the payment of the Debt shall be resorted to only after the property known as Herald Center ... has been foreclosed and a defi-

ciency exists with a deficiency being defined as the difference between the Debt and the amount actually received by Mortgagee as the proceeds of the foreclosure sale of Herald Center.

Glockhurst argues that the intention of the contracting parties in agreeing to clause 48 was to secure the Herald Center debt and to make Glockhurst liable if a "deficiency exists." The mortgagor may foreclose on the collateral mortgage, but not "unless and until proceeds from the sale of Herald Center have been 'actually received' from the Bank."

I agree with this reading. Notwithstanding Glockhurst's failure to advance any other meaningful opposition to summary judgment, judgment would be premature under clause 48. "[T]he remedy of the mortgagee to foreclose [on 200 Madison Ave.] shall be resorted to only after ... Herald Center ... has been foreclosed and a deficiency exists."

On the one hand, a deficiency arguably exists, since the auction has occurred and resulted in a contract for sale at a price far less than the outstanding debt. It might seem that the conditions precedent to an entry of foreclosure to 200 Madison have been satisfied. Nonetheless, the theoretical possibility remains that the foreclosure sale could fail to close for some reason. If a resale were required, the sale price might conceivably satisfy the debt and leave no deficiency. Accordingly, summary judgment against Glockhurst remains premature.

IV. *Vacatur as an alternative form of relief*

Finally, SPMRES suggests that if all else fails, the sale should be vacated. *Fredericks v. Courtney*, 73 A.D.2d 838, 423 N.Y. S.2d 763 (App.Div.1979). Because the court has the power to amend the judgment, SPMRES's request for vacatur need not be considered.

## CONCLUSION

Plaintiff's motion to amend the judgment of sale *nunc pro tunc* is granted. Plaintiff's motion for summary judgment against Glockhurst Corporation is premature and is therefore denied. Plaintiff is directed to submit judgment.

SO ORDERED.