**UNITED STATES of America, Plaintiff,**

v.

**Herman LEVINE, Linda Levine, Lisa Levine, Jennifer Levine and Old Dutch Mustard Co., Inc., Defendants.**

**No. 94 Civ. 0257 (CLB).**

United States District Court, S.D. New York.

March 21, 1995.

Order Granting Reconsideration Oct. 25, 1995.

---

Mary Jo White, U.S. Attorney, New York City by Kathleen Riedy, for plaintiff.

Michael R. Gottlieb, Middletown, NY, for defendants Herman Levine, Linda Levine & Lisa Levine.

J. Bernard Slutsky, Rockville Centre, NY, for defendant Old Dutch Mustard Co., Inc.

## MEMORANDUM & ORDER

BRIEANT, District Judge.

By motion fully submitted and supplemented by matters of record in another lawsuit filed in this Court entitled, *United States v. Holiday Syrups, et al.,* 93 Civ. 1620 (GLG) ("the Holiday Syrups Case"), the Government seeks summary judgment in its favor and a default judgment enforcing a junior mortgage upon residential property occupied by defendant Herman Levine as his residence and owned by defendants Lisa and Jennifer Levine. The Court concludes for the reasons set forth below that summary judgment should be granted in favor of the non-moving defendants, dismissing this action as a matter of law. The facts set forth below are uncontested.

The complaint in this action was filed on January 18, 1994. Familiarity therewith is assumed. The complaint alleges that it was, "brought by the United States of America to collect a sum due and owing to the Small Business Administration (SBA)" on a promissory note and to foreclose a mortgage on property known as 34 Kennedy Terrace located in the City of Middletown, County of Orange, State of New York, in this district (Complaint, ¶ 1).

On or about April 29, 1977, Bankers Trust Company of Hudson Valley, N.A. (the Lender) loaned to Holiday Syrups, Inc. (the Borrower) the sum of $250,000.00, eighty percent of which was guaranteed by the plaintiff through the SBA. The loan was secured by a first mortgage on the business premises of Holiday Syrups, 12–14 Stanton Street, in the City of Middletown, New York.

On or about the same date, Herman Levine, a principal of the Borrower, and his since deceased wife Linda, delivered their own promissory note to the Lender in the same amount. It is undisputed that the Levine note represented the same indebtedness, and the status of the Levines was that of guarantor of the Holiday Syrups loan. The Levines also delivered a junior real estate mortgage covering their home at 34 Kennedy Terrace in Middletown, New York, the mortgage sought to be foreclosed in this lawsuit, in the amount of $35,000.00 in favor of Bankers Trust Company of Hudson Valley, N.A., which mortgage was duly recorded on May 5, 1977 in Orange County Liber 1717 mp 747. That mortgage, which is attached to the complaint in this action, expressly recites that it is given as collateral security for the indebtedness of Holiday Syrups, Inc.

The complaint in this action seeks judgment holding that Herman Levine and Linda Levine (since deceased) are in default as to that mortgage, and foreclosing their interest in the property and all liens or ownership interests junior in equity to that of the United States as successor of the SBA as guarantor of the loan made by Bankers Trust Company of Hudson Valley, N.A. to Holiday Syrups.[1]

---

1. This Court on July 25, 1995, ordered that the action be dismissed as to Linda Levine, she having died prior to service of process. The Court believes that the interests of Linda and Herman Levine in the property are now vested in Lisa and Jennifer Levine, but this issue need not be resolved.

A notice of pendency was duly filed in this Court and in the Office of the Clerk of the County of Orange on or about January 20, 1994.

The answer in this action, docketed February 24, 1994, pleads as a third affirmative defense in law, the pendency before this Court of another action relating to the same indebtedness. That "other action" is, of course, the *Holiday Syrups* litigation under Docket No. 93 Civ. 1620 (GLG).

Holiday Syrups, the principal obligor or borrower, defaulted on or about June 24, 1980, and on that day the Lender assigned the note, a mortgage on the Borrower's business premises on Stanton Street in Middletown, New York, and the guaranty and mortgage given as collateral by the Levines on the Kennedy Terrace home to SBA, the SBA accelerated the indebtedness and made demand upon the Borrower and the Levines for the full amount then owed by Holiday Syrups. As of June 24, 1994, the SBA certified that the unpaid balance due to the United States of America under the guaranty by Herman Levine was $84,000.00.

On April 28, 1991, an involuntary bankruptcy petition was filed in this district with respect to Holiday Syrups. This debtor's estate was closed January 29, 1987 by the Bankruptcy Court pursuant to Chapter 7 of the Bankruptcy Code and the collateral abandoned. *See In re: Holiday Syrups, Inc.*, 81 B 30228. On March 16, 1993, the United States filed the *Holiday Syrups* action, 93 Civ. 1620, previously referred to herein, seeking to foreclose the mortgage on the business real property formerly owned by the Borrower and located in the City of Middletown, New York, at 12–14 Stanton Street, hereinafter referred to for convenience as the "Holiday Syrups Property". The defendants named in 93 Civ. 1620 in addition to Holiday Syrups included the City of Middletown, the New York State Industrial Commissioner and the New York State Workers Compensation Board. However, none of the Levines were sued in that case.

As of the date of the notice of pendency, the record title of 34 Kennedy Terrace appears to have been in defendants Lisa Levine and Jennifer Levine, with occupancy by defendant Herman Levine. Their title was subject to a prior first mortgage of record initially held by Inter County Savings Bank, and a junior lien of Old Dutch Mustard Co., Inc., another defendant in this lawsuit.

The *Holiday Syrups* litigation proceeded to final judgment before Judge Goettel of this Court. The Government, although well aware of the underlying facts, declined to make the Levines parties to that litigation. The United States Marshal sold the Stanton Street property in foreclosure on November 18, 1994 at a Public Judicial Sale, equivalent to an auction, conducted in the lobby of the Supreme Court Wing of the Orange County Government Center in Goshen, New York. The SBA purchased the Holiday Syrups property for the sum of $45,000.00. The Court has been informed without contradiction that the value of the Stanton Street property was approximately $100,000.00 according to a recent appraisal by the SBA. *See* Tr. of July 22, 1994 at p. 9 in this action.[2]

No application for a deficiency judgment was made in the *Holiday Syrups* case. None could be made as to the debtor because the debt itself had been discharged in bankruptcy, and, as noted, Herman Levine was not made a party, although he could have been.

This transaction is an ordinary commercial loan of the sort made, financed and enforced by a method which is common in the State of New York. Our Supreme Court has held that absent a special provision of federal law to the contrary, the State Court rules and laws relating to the foreclosure of mortgages, where they "furnish convenient solutions in no way inconsistent with the adequate protection of the federal interest", and are laws of general commercial applicability upon which private lenders base their daily commercial transactions, should be followed when the United States forecloses a commercial mortgage. *United States v. Kimbell*

---

**2.** The Levines do not concede that this is the actual market value of the Stanton Street property.

*Foods, Inc.*, 440 U.S. 715, 729, 99 S.Ct. 1448, 1459, 59 L.Ed.2d 711 (1979). *See also Stochastic Decisions, Inc. v. Wagner, et al.*, 34 F.3d 75 (2d Cir.1994) (applying New York statute, RPAPL Section 1371, discussed below).

We turn therefore to the effect of the third affirmative defense pleaded in the answer in this case, based on the New York statute and cases pertaining to the foreclosure of commercial mortgages. The applicable New York statute, Section 1371 of New York Real Property Actions and Proceedings Law ("RPAPL") provides that, "if no motion for a deficiency judgment is made as described in this section, the proceeds of the [judicial] sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

The foreclosure of the Stanton Street property in the *Holiday Syrups* action before Judge Goettel of this Court is such a sale, and it is uncontested that no application was made therein for a deficiency judgment. Indeed, Herman Levine was not even sued in the action, although there was no reason why he could not have been.

The clear and direct provisions of the New York Real Property Action and Proceedings Law which bar this second bite in the litigation are amplified and explained in *Sanders v. Palmer*, 68 N.Y.2d 180, 507 N.Y.S.2d 844, 499 N.E.2d 1242 (1986), a case involving a guarantor factually similar to the instant case. The New York Court of Appeals held in *Sanders* that where, as here, principals of a corporation guaranteed a mortgage loan made to the corporation, and a third guarantor secured her guaranty by giving a second mortgage on her own unrelated real property, a failure of the plaintiff mortgage holder to seek and obtain a deficiency judgment in the prior foreclosure against the third guarantor, resulted in the satisfaction of her mortgage.

This Court, finding the *Sanders* case indistinguishable, concludes that as a matter of law, having failed to sue Herman Levine in the case before Judge Goettel and obtain a deficiency judgment against him between the true market value of the Stanton Street mortgaged premises in that foreclosure and the amount owed, the Government is barred in this lawsuit just as would be a private commercial lender. *See Security Pacific Mortgage and Real Estate Services, Inc. v. Herald Center*, 731 F.Supp. 605, 611 (S.D.N.Y.1990), *citing Sanders* with approval (opinion by Hon. Pierre N. Leval, now a United States Circuit Judge).

This Court concludes that the Government lost the right to obtain a deficiency judgment and to enforce the guaranty against the Levines and the Kennedy Terrace property, by failing to name Herman Levine as a defendant in the *Holiday Syrups* case as required by the New York Real Property Action and Proceedings Law, as explained in *Sanders, supra.*[3]

The Court directs that the Clerk shall enter a final judgment dismissing this action. The judgment shall provide that the notice of pendency shall not be cancelled of record pending appellate finality.

SO ORDERED.

*Memorandum & Order on Reconsideration*

Plaintiff United States of America moves this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 3(j) of the Local Civil Rules, to reconsider its Memorandum & Order dated March 21, 1995, which granted summary judgment in favor of the defendants and dismissed the complaint in this mortgage foreclosure action. The motion, filed on May 19, 1995, was marked fully submitted on June 16, 1995 based upon the papers with no oral argument having been heard.

The Government bases this motion primarily on the case of *Westnau Land Corp. v. United States*, 1 F.3d 112 (2d Cir.1993), which it asserts is dispositive. Because of the significant implications presented by the

---

**3.** This was not an inadvertent failure; long before the entry of final judgment in the *Holiday Syrups* litigation, the potential existence of this problem was brought to the attention of the attorney for the United States by this Court, and by the third affirmative defense pleaded in the answer in this case.

Government's broad interpretation of the *Westnau* case, with which this Court does not agree, the Court will grant the motion for reconsideration and discuss these arguments further.

Familiarity on the part of the reader with this Court's Memorandum & Order dated March 21, 1995, and with the underlying facts and all prior proceedings in this case is assumed. The complaint alleges that it was, "brought by the United States of America to collect a sum due and owing to the Small Business Administration (SBA)" on a promissory note and to foreclose a mortgage on property known as 34 Kennedy Terrace located in the City of Middletown, County of Orange, State of New York, in this district (Complaint, ¶ 1).

On or about April 29, 1977, Bankers Trust Company of Hudson Valley, N.A. (the Lender) loaned to Holiday Syrups, Inc. (the Borrower) the sum of $250,000.00, eighty percent of which was guaranteed by the plaintiff through the SBA. The loan was secured by a first mortgage on the business premises of Holiday Syrups, 12–14 Stanton Street, in the City of Middletown, New York.

On or about the same date, Herman Levine, a principal of the Borrower, and his since deceased wife Linda, delivered their own promissory note to the Lender in the same amount. It is undisputed that the Levine note represented the same indebtedness, and the status of the Levines was that of guarantor of the Holiday Syrups loan. The Levines also delivered a junior real estate mortgage covering their home at 34 Kennedy Terrace in Middletown, New York, the mortgage sought to be foreclosed in this lawsuit, in the amount of $35,000.00 in favor of Bankers Trust Company of Hudson Valley, N.A., which mortgage was duly recorded on May 5, 1977 in Orange County Liber 1717 mp 747. That mortgage, which is attached to the complaint in this action, expressly recites that it is given as collateral security for the indebtedness of Holiday Syrups, Inc.

The complaint in this action seeks judgment holding that Herman Levine and Linda Levine (since deceased) are in default as to that mortgage, and foreclosing their interest in the property and all liens or ownership interests junior in equity to that of the United States as successor of the SBA as guarantor of the loan made by Bankers Trust Company of Hudson Valley, N.A. to Holiday Syrups. Holiday Syrups, the principal obligor or borrower, defaulted on or about June 24, 1980, and on that day the Lender assigned the note, a mortgage on the Borrower's business premises on Stanton Street in Middletown, New York, and the guaranty and mortgage given as collateral by the Levines on the Kennedy Terrace home to SBA. The SBA accelerated the indebtedness and made demand upon the Borrower and the Levines for the full amount then owed by Holiday Syrups.

On March 16, 1993, the United States filed the *Holiday Syrups* action, 93 Civ. 1620, previously referred to herein, seeking to foreclose the mortgage on the business real property formerly owned by the Borrower and located in the City of Middletown, New York, at 12–14 Stanton Street, hereinafter referred to for convenience as the "Holiday Syrups Property". The defendants named in 93 Civ. 1620 in addition to Holiday Syrups included the City of Middletown, the New York State Industrial Commissioner and the New York State Workers Compensation Board. However, none of the Levines were sued in that case. The *Holiday Syrups* litigation proceeded to final judgment before Judge Goettel of this Court. The Government, although well aware of the underlying facts, declined to make the Levines parties to that litigation. The United States Marshal sold the Stanton Street property in foreclosure on November 18, 1994 at a Public Judicial Sale, equivalent to an auction, conducted in the lobby of the Supreme Court Wing of the Orange County Government Center in Goshen, New York. The SBA purchased the Holiday Syrups property for the sum of $45,000.00.

In its Memorandum & Order dated March 21, 1995, this Court dismissed the complaint for failure of the Government to obtain a deficiency judgment in the prior action against Herman Levine, as required by Section 1371 of the New York RPAPL.

In holding that the Government must comply with state law, Section 1371(3) of the New York RPAPL, the Government argues that this Court has "in effect imposed a statute of limitations upon the Government's right of foreclosure"; the Government now claims it could not have complied with § 1371(3) because the statute of limitations had expired on its right to seek a deficiency judgment based on the Levines' guaranties. *See* Government's Memorandum at pp. 4–5. According to the Government, its claim against Herman Levine arose in 1980 when the Small Business Association made its written demand under the Levines' guaranties for repayment of the SBA Loan, and therefore the statute of limitations expired in 1986. *See* 28 U.S.C. § 2415(a); *United States v. Gottlieb,* 948 F.2d 1128, 1129 (9th Cir.1991). However, the defendants assert that while Mr. Levine may not have had a personal liability for the deficiency under 28 U.S.C. § 2415(a), the statute had not expired on the Government's claim seeking to declare the deficiency so as to foreclose its mortgage on the Levine property pursuant to 28 U.S.C. § 2415(c).

Whether or not the Levines were personally obligated for the deficiency, the Kennedy Terrace property was, and the proceedings set forth in New York RPAPL § 1371(3) were required to be taken by the Government in order to determine the amount of that deficiency and protect its right to collect. The Court observes that the Government failed even to commence these deficiency proceedings. In short, this Court is not convinced that the Government could not with due diligence comply with § 1371(3), as any commercial New York lender would have been required to do.

The dispute as to whether or not the statute of limitations had run as to the Levines' guaranties is not properly before this Court, as it should have been raised in the prior action (*United States v. Holiday Syrups, et al.,* 93 Civ. 1620 (GLG)) and resolved therein. The Government did not even attempt to comply with New York law and name Herman Levine in the mortgage foreclosure action so as to obtain a deficiency judgment

against him, as required by Section 1371 of the New York RPAPL.

In any event, the defendants have not pursued a statute of limitations defense in the instant action to foreclose the mortgage on the residential property of the Levines; this Court did not in its dismissal of the Government's claim for failure to obtain a deficiency judgment under New York law, find that claim to be time-barred or subject to any statute of limitations, state or federal. Therefore, the Government's arguments on this ground are inapposite.

As a matter of law and public policy, the Government's position must be rejected on the merits as well. The Government relies upon *Westnau* for the broad notion that the Government is not subject to a statute of limitations—either state or federal—where it seeks to foreclose a mortgage. Since no specific statute of limitations was created by Congress with respect to the mortgage foreclosure case, unlike the provision of 28 U.S.C. § 2415, which applies to actions under contract for the guarantee of a note only (six years), the United States as Sovereign is not subject to any statute of limitations for the foreclosure of the underlying mortgage that secures that note.

It is well settled New York law that a mortgage cannot be separated from the debt and exist independently of it. A note secured by a mortgage represents the primary personal obligation of the mortgagor, and the mortgage is the security for such obligation. 77 NY Jur.2d Mortgages § 3 (1989); *Wyoming County Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980). However, the courts have recognized that the right to foreclose a mortgage securing a debt is distinct from the right to bring an action for money damages on the note or bond representing the debt. *See United States v. Freidus,* 769 F.Supp. 1266, 1273 (S.D.N.Y.1991), *citing Cracco v. Cox,* 66 A.D.2d 447, 414 N.Y.S.2d 404, 406 (4th Dep't 1979) ("the right to foreclose survives [even] when an action on the debt is barred by the statute of limitations"); *Seamen's Bank for Savings in City of New York v. Smadbeck,* 293 N.Y. 91, 56 N.E.2d 46 (1944).

Despite the Government's general references to the contrary, it has failed to demonstrate that a conflict exists between Federal and State Law in this instance, because as noted above, the instant foreclosure action is not time-barred. The holding in *Westnau* hinged upon the conclusion that the Federal statute of limitations, 28 U.S.C. § 2415(a), directly contradicted and trumped the New York State statute of limitations, CPLR § 213(4); our Court of Appeals held that, under the "pertinent congressional directive" contained therein, the federal statute by its terms would prevail. Section 1371 of the New York RPAPL does not conflict with any federal statute and, to the contrary, is of the type of procedural statute contemplated by the Supreme Court which "furnish convenient solutions and is in no way inconsistent with adequate protection of the Federal interest(s)." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 729, 99 S.Ct. 1448, 1459, 59 L.Ed.2d 711 (1979). *See also United States v. Whitney*, 602 F.Supp. 722 (W.D.N.Y.1985) (Veterans Administration could not recover deficiency judgment against mortgager where it chose not to make mortgagor a party to the foreclosure proceeding; New York RPAPL 1371(1) is not among the "inconsistent state law" displaced by V.A. regulations); *Federal Home Loan Mortgage Corp. v. Dutch Lane Associates*, 810 F.Supp. 86 (S.D.N.Y.1992) (Government held bound to comply with notice requirements of New York deficiency judgment statute).

Absent an express congressional directive, which the Court finds lacking in this instance, the SBA must not only comply with the procedural requirements of state law, but must comply with state law as to substantive requirements. *Kimbell Foods*, 440 U.S. at 731, 99 S.Ct. at 1460.

In light of the "pertinent congressional directive" found therein, our Court of Appeals in *Westnau* did not discuss at length the existence of significant federal interests in a "nationwide" program and the implications which would have followed from such a finding. In *United States v. Merrick Sponsor Corp.*, 421 F.2d 1076, 1078 (2d Cir.1970), however, our Court of Appeals did so, in holding that Section 1371 did not apply to the Government to bar the mortgage foreclosure under the circumstances of that case. The court expressly distinguished the interests of the Federal Housing Authority ("FHA"), involved there, from those of the Small Business Administration, present in this case. The court therein noted the Supreme Court decision of *United States v. Yazell*, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966), which held that the federal interest of the Small Business Administration in collecting a deficiency on a disaster loan was insufficient to warrant overriding the Texas law of coverture. The Supreme Court explained that its "decisions applying 'federal law' to supersede state law typically relate to programs and actions which by their nature are and must be uniform in character throughout the Nation." 382 U.S. at 354, 86 S.Ct. at 507. Our Court of Appeals in *Merrick* held the Federal Housing Authority to be such a "nationwide" program, as distinguished from the SBA, which the Supreme Court in *Yazell* held not to be such. The Small Business Administration, which is involved in the instant case, is the equivalent of a commercial institution which merely stands in the shoes of an ordinary commercial lender.

We note also the Fifth Circuit case of *United States v. Dismuke*, 616 F.2d 755 (5th Cir.1980), which held that state statutory requirements establishing a prerequisite to the entry of a deficiency judgment are applicable to and binding upon the Small Business Administration. In considering the guidance of the *Kimbell* case, the court found that the Supreme Court therein "sought to carefully instruct Government agencies that in their commercial lending activities they are subject to 'customary commercial practices' and should fare no better, and no worse, than a private lender." *Id.* at 759.

The purpose of Section 1371 was to protect mortgagors, after default, from double recovery through combined suits in equity for the sale of the property and in law, on the note. Before § 1371 was enacted, the mortgagee could manipulate two awards so as to recover a judgment at law for the full amount of the debt and a decree in equity for the sale of the mortgaged property. 14 Carmody–Wait

2d § 92:7 (1967).[1] The deficiency proceeding under § 1371 combines the legal and equitable remedies so that the mortgagor can be held liable on the note only for that amount unsatisfied after the foreclosure sale. *See Security Pacific Mortgage and Real Estate Services, Inc. v. Herald Center Ltd,* 731 F.Supp. 605, 607 (S.D.N.Y.1990).

As instructed by the Supreme Court in *Kimbell Foods,* the courts must "consider the extent to which application of a federal rule would disrupt commercial relations predicated on state law." 440 U.S. at 729, 99 S.Ct. at 1459. If this Court were to find the SBA exempt from the ordinary foreclosure requirements of the state of New York, potentially disastrous results in the business community could result.

Based upon the foregoing, the motion for reargument is granted, and upon reconsideration this Court adheres to its prior decision.

SO ORDERED.

1. Judicial auction sales for all cash on the courthouse steps are not, in economic reality, the best way to obtain the highest price for real property. Generally regarded as distress sales, judicial auctions attract few buyers, and then only from among the experienced and affluent predators. In most such sales, the collateral is knocked down to the plaintiff for a nominal bid. The New York legislature observed this practice and attempted to protect debtors.