ROBERT L. GRAY, Plaintiff, Respondent, v. MARTHA GOMER GRAY, Defendant; MANUFACTURERS TRUST COMPANY, as Substituted Committee of the Estate of MARTHA GOMER GRAY, Incompetent Defendant, Appellant; JOHN H. DONLAN, Guardian ad Litem of the Incompetent Defendant, Respondent.— Action for annulment of marriage brought by a husband against a wife, on the ground of incurable insanity. Order denying motion to resettle judgment dated November 20, 1934, entered December 7, 1934, by striking therefrom the provision requiring the payment of the guardian ad litem's allowance out of the estate of the incompetent, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, without costs. The provision in the judgment was placed therein without authority in law: (a) The decision contained no such provision; (b) the estate of the incompetent was not before the court or involved in the subject-matter of the annulment suit so as to give the court jurisdiction to direct payments therefrom by way of financing litigation brought against the incompetent in the interest of the plaintiff husband. The motion for a resettlement of the judgment so as to provide for the striking out of this provision may be deemed to have been a motion to vacate the judgment as not being in conformity with the decision and to enter a judgment that would conform. (Hatch v. Central National Bank, 78 N. Y. 487; Ladd v. Stevenson, 112 id. 325.) Order dated January 28, 1935, granting the motion of the guardian ad litem to amend an ex parte order dated May 9, 1933, so as to change the provision thereof that requires the payment of the said guardian by the plaintiff, reversed on the law and the facts, without costs, and the motion denied, without costs. The order in its original form, with the provision requiring the payment of the guardian by the plaintiff, should not have been changed, especially as there does not appear to have been any need for the appointment of a guardian, which fact could have been made clear if the procedure provided in sections 208 and 225 of the Civil Practice Act had been followed. Hagarty, Carswell, Scudder, Tompkins and Davis, JJ., concur.

VICTORIA V. HEDDENDORF, Appellant, v. BABYLON NATIONAL BANK AND TRUST COMPANY, Respondent.— In action to recover damages sustained through the alleged negligence of defendant in permitting certain securities to be taken and stolen from the safe deposit box rented by it to the plaintiff, judgment dismissing the complaint at the close of plaintiff's case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.

HARRY J. HENLIN, Appellant, v. THEODORE DORRIS REED, Respondent.— Order denying plaintiff's motion for the examination of two witnesses before trial reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; the examination to proceed on five days' notice. The papers show special circumstances which warrant the examination. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.