HARLEM SAVINGS BANK, Plaintiff, *v.* SALVADOR REALTY CORPORATION and THE PEOPLE OF THE STATE OF NEW YORK. Defendants.

Supreme Court, Special Term, New York County, November 26, 1940

*Charles S. Fettretch*, for the plaintiff.

*Scudder, McCoun, Stockton & Kerfoot*, for the defendant Salvador Realty Corporation.

LEARY, J.  Plaintiff moves to resettle a judgment of foreclosure and sale, the effect of which would direct that a deficiency judgment be entered against the corporate defendant.

The facts of the instant case disclose that the mortgage involved was executed on May 15, 1936.  The judgment of foreclosure and sale was entered on February 20, 1940, and the sale was thereafter conducted on March 15, 1940, at which plaintiff bid $5,000.

It then appears that the plaintiff, in accordance with the provisions of the judgment prepared by it, applied to the court for the allowance of a deficiency judgment. A reference was ordered before an official referee to hear and report on the value of the property as of the date of sale. A hearing was held, at the conclusion of which the referee reported that the value of the property was $730,000, and that sum being in excess of the amount due the plaintiff, a deficiency judgment was disallowed.

It is now claimed by the plaintiff that the provisions of the judgment in respect to the application for a deficiency judgment were " inadvertently and erroneously inserted therein," because, as plaintiff then believed, the procedure was governed by section 1083-a of the Civil Practice Act. Now, however, plaintiff finds that because the mortgage involved herein was executed after July 1, 1932, and prior to April 7, 1938, the procedure to be followed was contained in section 1083 of the Civil Practice Act, as the same read prior to its amendment on April 7, 1938. In support of its contention, plaintiff cites *National City Bank* v. *Gelfert* (284 N. Y. 13).

The defendant in opposing this application asserts a number of reasons for denying relief. Principally, it claims that relying on the provisions of the judgment respecting the request and the application for a deficiency judgment, it did nothing to prevent the plaintiff itself from bidding in the property at the sale for $5,000, even though it had a purchaser ready willing and able to bid a sum in excess of $700,000  Defendant claims further that the plaintiff knew what it was doing when it prepared the judgment and that there was no error or inadvertence in inserting the clauses now sought to be omitted therefrom

In a memorandum submitted herein, plaintiff offers and consents that if the application is granted, a resale of the premises may be provided for. Defendant, however, claims that this would be inequitable, since it no longer has the purchaser who was willing to buy originally and since almost seven months have elapsed, during which time conditions have changed to make the real estate market worse.

This application to resettle the judgment so as to provide for the striking out of one provision and the substitution of another in lieu thereof may be deemed to be a motion to vacate the judgment. (*Gray* v. *Gray*, 243 App. Div. 793.) As hereinabove stated, plaintiff bases the motion on the ground that it inadvertently and erroneously inserted in the judgment certain provisions which it now seeks to have stricken therefrom. Plaintiff's affidavit presents no facts which would tend to support its assertion. After

the sale the application for a deficiency judgment was made by the plaintiff. The entry of the order of reference, the hearing before the official referee, at which both parties were represented, and the entry of an order confirming the report of the referee which disallowed any deficiency, all followed. During all of these steps plaintiff did not urge that the court lacked jurisdiction to enter the judgment. These circumstances impel a denial of the relief sought. (*Matter of Whitney* v. *Chesbro,* 244 App. Div. 594.)

The contention of the plaintiff that because of the authority of *National City Bank* v. *Gelfert* (*supra*) an error of law was committed by the inclusion of the clauses of the judgment here sought to be vacated, is untenable. The court possesses no authority to vacate a judgment entered upon an error of law. (*Bohlan* v. *Metropolitan El. R. Co.,* 121 N. Y. 546; *Matter of White,* 170 Misc. 657.) The remedy of the person aggrieved is by appeal.

Under all of the circumstances the motion should be, and accordingly is, denied.