CASSIA CORPORATION, Appellant, v. NORTH HILLS HOLDING CORPORATION et al., Defendants, and BERNARD ROME et al., Respondents.— Appeal by plaintiff, in an action to foreclose a mortgage on real property, from an order denying its application for leave to enter a deficiency judgment against respondents and another. Order affirmed, with $10 costs and disbursements. The original judgment of foreclosure and sale was reversed by this court on a prior appeal in the action. (*Cassia Corp.* v. *North Hills Holding Corp.*, 278 App. Div. 960.) Pending the appeal, the premises involved were sold under that judgment. Thereafter, a new judgment was entered upon the stipulation of the parties to the appeal, which contained no express provision adjudicating the liability of any person for a deficiency. It was provided therein, *inter alia,* that "plaintiff have the relief prayed for in the amended complaint", which relief included a demand that respondents pay "the debt remaining unsatisfied after a sale has been had of the mortgaged premises and the proceeds of such sale applied in accordance with the terms of the judgment to be entered herein, and that the amount of such deficiency be determined by the court as provided by the Civil Practice Act and particularly Section 1083 thereof." A deficiency judgment may be entered following a sale of the mortgaged premises under a valid judgment of foreclosure and sale and the distribution of the proceeds thereunder, if there is an adjudication of personal liability in the foreclosure judgment. (Cf. *Bankers Trust Co.* v. *1 E. 88th St. Corp.*, 283 N. Y. 369; *Bondy* v. *Aronson & List Realties*, 227 App. Div. 136; *Baehr* v. *Smith*, 169 App. Div. 574; Civ. Prac. Act, § 1083.) The provision in the new judgment that plaintiff may apply to the court for a deficiency is not an adjudication of liability for a deficiency. (*Bankers Trust Co.* v. *1 E. 88th St. Corp., supra.*) If it be assumed that the judgment granted the relief as to a deficiency, requested in the amended complaint, there is no basis for the entry of a deficiency judgment thereunder, as the mortgaged premises were not sold under that judgment

and a deficiency ascertained as provided therein, but under a prior judgment which had been reversed. Nolan, P. J., Carswell, Wenzel and MacCrate, JJ., concur; Johnston, J., dissents and votes to grant the motion, with the following memorandum: Both the original judgment of foreclosure of March 5, 1951, and the new judgment of November 14, 1951 (entered on the reversal by this court of the March 5, 1951, judgment on the appeal of defendants Hopke and Murphy and to which appeal the present respondents Rome and Koehler were not parties) provide that plaintiff shall have the relief prayed for in the amended complaint. The amended complaint asks for a deficiency judgment against respondents Rome and Koehler after sale and determination of the deficiency in accordance with section 1083 of the Civil Practice Act. The judgment in *Bankers Trust Co.* v. *1 E. 88th St. Corp.* (283 N. Y. 369) did not contain a provision directing a deficiency judgment against the mortgagors, whereas the judgment in the case at bar does contain such a provision by incorporating the relief requested in the amended complaint. The practical effect of the new judgment of November 14, 1951, entered after this court's determination of the prior appeal, was that (a) the Hopkes and Murphys were held to have a lien prior to that of plaintiff-mortgagee, and (b) all parties treated and deemed the foreclosure sale which had been held on April 25, 1951, pursuant to the original judgment of March 5, 1951, as a sale in an action to foreclose the prior vendees' lien of the Hopkes and Murphys, which lien was held to be entitled to satisfaction out of the proceeds of the sale prior to the lien of plaintiff-mortgagee. In other words, plaintiff's mortgage became a lien second to that of the vendees' lien of the Hopkes and Murphys, and the sale held on April 25, 1951, was to satisfy the lien of the Hopkes and Murphys. The majority holds that in the case at bar there was no sale under any valid judgment of foreclosure, but rather under a judgment which thereafter was reversed. It will be noted that, even after our reversal of the March 5, 1951, judgment on the appeal of the Hopkes and Murphys, the original judgment of foreclosure of March 5, 1951, stood unreversed as to these defaulting respondents (the Romes and Koehlers), who did not appeal therefrom. In any event, a sale, pending an appeal from the judgment directing it, is valid and vests good title in a purchaser in good faith and for a valuable consideration, even though the purchaser has notice of the pendency of the appeal and even though the judgment directing the sale is thereafter reversed. (*Revelone, Inc.*, v. *Arlind Realty Corp.*, 274 App. Div. 656.) On the appeal of the Hopkes and Murphys (to which appeal respondents were not parties), the only effect of the reversal, in the light of the new judgment of November 14, 1951, was that the parties adopted the sale already had as a sale under the foreclosure of the vendees' lien of the Hopkes and Murphys. Assuming, however, that there was no sale under plaintiff's judgment of foreclosure and sale, the cases hold that plaintiff is, nevertheless, entitled to a deficiency judgment and the ninety-day limitation contained in section 1083 of the Civil Practice Act has no application. This court has determined that, under circumstances similar to those existing in the case at bar, plaintiff is entitled to a deficiency judgment. In *Culliford* v. *Weingrad* (275 App. Div. 954, affg. 196 Misc. 86, opinion by Froessel, J.) a judgment of foreclosure and sale of a second mortgage directed the sale and entry of a deficiency judgment upon compliance with section 1083 of the Civil Practice Act (exactly as in the case at bar). However, in the *Culliford* case, no sale was had under plaintiff's judgment of foreclosure of the second mortgage because a sale was had under a judgment of foreclosure obtained by the first mortgagee. Seven and a half years later

plaintiff made a motion for a deficiency judgment. The motion was granted and the order affirmed by this court on the theory that the ninety-day limitation contained in section 1083 did not apply where a sale was had under a prior lien and no sale was had under the judgment foreclosing the subsequent lien, despite the fact that the judgment foreclosing the subsequent lien directed such a sale and the entry of a deficiency judgment upon compliance with section 1083. (See, also, *Frank* v. *Davis*, 135 N. Y. 275, and *Weisel* v. *Hagdahl Realty Co.*, 241 App. Div. 314.) The denial of a deficiency judgment in the case at bar is a harsh result. These respondents (vendors and mortgagors) have obtained not only plaintiff's money under the mortgage, but also the vendees' money on the sale by them of the property. The vendees have obtained the return of their money, not from the respondents who received it, but out of the proceeds of the foreclosure sale, or, in other words, from plaintiff-mortgagee. The affirmance of this order will enable respondents to avoid paying the mortgage debt, despite their written obligation so to do. None of the parties, either at Special Term or in this court, raised the point of law on which this case is being determined by the majority. The fact that they did not indicates their common understanding that both judgments (old and new) provided for a deficiency. This court should adopt the practical construction placed upon the judgments by the parties themselves, particularly since any other construction would result in injustice to plaintiff and in unjust enrichment to respondents. Special Term denied the motion for the deficiency judgment, and the majority is now affirming the order, solely on questions of law. Were it not for these questions of law, the motion might well have been granted in the exercise of discretion.