Harold Baer, J.
This is an action on two promissory notes. There is an alleged balance due on one note, in the sum of $6,783.59 and the sum of $5,781 on the second note. This suit is against four indorsers, the maker corporations being insolvent.
The indorsement reads as follows: ‘1 For value received, all the undersigned endorsers jointly and severally do hereby guarantee the payment of this note and do hereby agree that upon a default in the payment of this note or any one of the notes of this series, that all the remaining notes or any part thereof shall at the option of the holder or holders thereof, immediately become due and payable without notice. The undersigned endorsers, jointly and severally do hereby waive presentment, demand, protest, notice of protest, non-payment or dishonor, trial by jury and notice of the sale of any collateral security and do hereby authorize and consent to any extensions or extension in the time or times of payment, renewals and partial payments on the within note, without notice to the undersigned. ’ ’
The only defense pleaded is payment. However, during the course of the trial, defendants failed to prove payment but they did raise questions relative to release of liability of two of the indorsers by extension of time of payment without indorsers’ consent.
Decision on defendants’ motions were reserved only with respect to the effect of these extensions. Counsel were informed that plaintiff had proved its case; that there was no defense *38 unless, as a matter of law, the extension of payment released the indorsers as contended by defendants.
The original notes were made and indorsed on April 3, 1950. On April 10, 1952, due date, a new series of notes were made, indorsed only by defendant Jack Janus and in conjunction therewith agreements were signed by plaintiff, the corporate maker and defendant Jack Janus. The pertinent paragraph for the purpose of this suit is numbered “ 6 ” and provides, “ The ‘ original note ’ for (amount) will be retained by Metropolitan as collateral security for the payment of the ‘ new notes ’. It is not and shall not be considered paid or satisfied unless and until the new notes are fully paid with interest ”.
On March 3, 1953 the original obligation not being fully paid, another series of notes was given, similarly indorsed and in conjunction with a similar agreement. The pertinent paragraph is numbered “ 7 ” and is similar in language and intent.
It is' the rule, undoubtedly, that persons secondarily liable on an instrument are discharged if the holder extends the time of payment, 1 ‘ unless the right of recourse against such party is expressly reserved” (Negotiable Instruments Law, § 201, subd. 6; National Park Bank v. Koehler, 204 N. Y. 174).
The case at bar does not turn solely on the reservation of rights by the plaintiff against the indorsers. It also depends upon the meaning of the indorsement on the original instruments.
It is clear that the obligation incurred by the defendants upon indorsing the original notes is still in existence; it survived the renewal notes which were not paid; it survived renewals and extensions by the very terms of the indorsement (Garfield Nat. Bank v. Wallach, 223 App. Div. 303; Gales v. Frank, 203 Misc. 902; Corn Exch. Bank Trust Co. v. Gifford, 268 N. Y. 153; Frank Bracalello, Inc. v. Belden Manor Homes, 157 N. Y. S. 2d 265). Further, the release of defendant Lemer, reserving all rights against the other defendants, does not discharge the latter (Brill v. Brandt, 176 Misc. 580, affd. 263 App. Div. 811, affd. 289 N. Y. 581 and Negotiable Instruments Law, § 201, subd. 6).
Judgment for the plaintiffs against the defendants (giving credit for $700 received from Lerner for a general release with reservation of rights against the other defendants) for $11,864.59, with interest from April 3,1950.
Ten days’ stay, 60 days to make a case.