■ KATHLEEN J. GERENSTEIN, Appellant, v LAWRENCE GERENSTEIN, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 21, 1992 in Ulster County, which, *inter alia,* granted defendant's motion to stay a Sheriff's sale of certain real property owned by the parties.

The parties to this action were divorced prior to 1989. After

a hearing concerning, *inter alia,* equitable distribution, Supreme Court (Fitzer, J.H.O.) issued a decision dated August 30, 1989 and filed September 1, 1989 which discussed the parties' entitlement to marital property. The court initially mentioned the value of the properties involved in the suit which were referred to as "husband's property or jointly held property". The combined value of these properties was set at $219,855. Subtracting from this amount the $71,361 for outstanding mortgages, the court determined that plaintiff was entitled to $74,247, one half of the equity in these properties. The court went on to note that plaintiff also owned a house which was marital property that had an equity balance of $24,474. Stating that defendant was entitled to offset his debt by one half of that equity, the court held that this totaled a net balance due from defendant to plaintiff of $62,010. Judgment was granted to plaintiff in the amount of $62,010 and defendant was given 60 days within which to pay that amount.

Plaintiff thereafter took an appeal to this Court, which was dismissed in April 1990. In April 1991, an order granted plaintiff a money judgment in the amount of $62,010 plus interest from October 29, 1989. Pursuant to this money judgment, on July 22, 1991 the Ulster County Sheriff seized property that was apparently still in both parties' names but in the possession of the defendant. A notice of sale of the property was issued on July 27, 1991 which was satisfaction for defendant's "one-half undivided interest". On July 25, 1991, defendant's attorney sent a letter to Supreme Court (Fitzer, J.H.O.) regarding the original equitable distribution decision filed September 1, 1989. In the letter, counsel stated defendant's belief that it was the intent of the original decision that plaintiff was to sign over her interest in the jointly held property described as defendant's and defendant could thereafter either sell the property or obtain new financing to pay the $62,010 debt to plaintiff. Counsel requested that the court clarify its original decision because plaintiff would not sign over her interest in the property and defendant was having difficulty selling it.

Subsequently, defendant's counsel moved to permanently enjoin the sale of the target property to satisfy the debt to plaintiff. Supreme Court (Bradley, J.) granted defendant's motion for a stay of the Sheriff's sale and allowed defendant to sell the property on his own. Additionally, "at the time of the closing of title to the subject real estate, the plaintiff shall execute a deed in exchange for $62,010.00 and give a Satisfaction of Judgment upon receipt of this sum". In its letter

decision on the matter, Supreme Court ruled that plaintiff was not entitled to interest on this amount.

We affirm. Upon close examination of the record in this case, we can only conclude that the final decision in this matter was appropriate given the obvious mishandling and misunderstandings apparent in what should have been a simple transaction. Rather than discuss in detail the parties' various arguments, we will simply follow the most logical course in this matter. As pointed out by both parties, no appeal was ever successfully taken of the judgment disposing of the marital assets. While it is true that the underlying decision filed September 1, 1989 never specifically stated that plaintiff was to keep title to the home she occupied and sign over her interest in the properties described as belonging to defendant, this result is clearly implied in the decision because it was plainly stated that the parties were to split equally the equity in their various homes. Significantly, it was not stated that plaintiff was to receive one half of the equity in cash and still retain her interest in defendant's property. We recognize the fact that this point was not stated in plain language and obviously created some confusion, justified or not. In "clarifying" this confusion, Supreme Court (Bradley, J.) in its letter decision made several statements which this court finds were somewhat unnecessary and added to the confusion. Nevertheless, the final order on the motion succinctly arrives at a result that was apparent from the original September 1, 1989 decision and resolves the question of whether plaintiff was to sign over her interest in the disputed properties to defendant upon the sale of the property.

Although plaintiff argues that this order improperly impaired "a substantial right" that she was entitled to (CPLR 5019 [a]), we cannot adopt her reasoning. The original decision in this matter clearly awarded plaintiff only $62,010 as her part of the marital assets. No interest was awarded at that time and no proper appeal was taken of that order. Supreme Court's decision not to award interest at this time is hardly assailable given the circumstances of this case.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.