■ BANK OF NEW YORK, Appellant, v CMS FUNDING LTD. et al., Defendants, and NANCY W. KECK, Respondent. [608 NYS2d 476] —In an action, *inter alia,* to recover on a promissory note, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered September 27, 1991, as denied that branch of its motion which was for summary judgment in its favor and against the defendant Nancy W. Keck.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment in its favor against the defendant Nancy W. Keck is granted, the action against the

remaining defendants is severed, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment against the defendant Nancy W. Keck and in favor of the plaintiff in an amount to be determined by the Supreme Court, Nassau County.

The defendant Nancy W. Keck was the guarantor of a promissory note payable by the defendant corporation to the Bank of Long Island, the predecessor-in-interest to the plaintiff Bank of New York. Keck thereafter left the corporation's employ. Subsequently, the bank extended the loan in a second promissory note that was a modification of the terms of the original note. The corporation defaulted on the second note, and the bank commenced this action, *inter alia*, seeking to recover on that note.

The bank moved, among other things, for summary judgment against Keck. The Supreme Court denied that branch of the motion, agreeing with Keck that she should not be held responsible for a debt made without her consent and after she left the corporation's employ. We now reverse.

The guarantee signed by Keck provides, in relevant part: *"Guarantor consents that obligations or the liability of any other guarantor,* surety, indemnitor, indorser, or any other party for or upon said Obligations or said Collateral Security *may, from time to time, in whole or in part, be renewed, extended, modified,* accelerated, compromised, settled or released *by Bank,* and that any Collateral Security or liens for said Obligations may, from time to time, in whole or in part, be exchanged, sold, released, surrendered or otherwise dealt with by Bank, and that Bank may refuse payment, in whole or in part, from any party to Obligations, all *without any notice to, or further assent by,* or any reservation of rights against, *Guarantor and without in any way affecting or releasing the liability of Guarantor hereunder"* (emphasis added). By virtue of that language, Keck waived her right to notice of the modification of the original promissory note *(see, Metropolitan Capital Corp. v Janus,* 25 Misc 2d 37; *see also, Corn Exch. Bank Trust Co. v Gifford,* 268 NY 153). Accordingly, the plaintiff bank is entitled to summary judgment against Keck, and Keck's remaining arguments do not persuade us otherwise. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.