■ POUGHKEEPSIE SAVINGS BANK, FSB, Appellant, v MAPLE-WOOD LAND DEVELOPMENT COMPANY, INC., et al., Respondents. [620 NYS2d 161] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 14, 1993 in Columbia County, which, upon reargument, adhered to its prior decisions denying plaintiff's motion to amend a judgment of foreclosure.

This mortgage foreclosure action arose as a result of consolidated mortgage loans totaling the sum of $1.8 million made to defendant Maplewood Land Development Company, Inc. (hereinafter Maplewood) affecting real property located in Columbia County. The consolidated mortgage was personally guaranteed by defendant James T. Metz, Jr., the President of Maplewood.

Following a default on the loan by Maplewood, plaintiff commenced this action naming, among others, both Maplewood and Metz as parties to the action. The verified complaint, in its prayer for relief, sought, inter alia, a judgment of foreclosure and sale as well as a deficiency judgment against both defendants pursuant to RPAPL 1371. Maplewood submitted a verified answer and Metz defaulted. In October 1990 plaintiff moved for summary judgment against Maplewood,

which was granted without opposition in December 1990. The order granting summary judgment provided, in part, that plaintiff was to have judgment for the relief demanded in the complaint.* A judgment of foreclosure and sale was thereafter entered which provided for the sale of the mortgaged premises by a Referee. The judgment further provided that in the event the proceeds of the sale were insufficient to satisfy the mortgage debt, the Referee was to specify the amount of the deficiency to be determined pursuant to the applicable provisions of the RPAPL.

Plaintiff, the only bidder, purchased the property for $1 million and the Referee computed a deficiency in the amount of $1,194,532.76. Plaintiff thereafter timely moved to confirm the report of sale and for leave to enter a deficiency judgment. The motion was opposed by both defendants, asserting that the fair market value of such property was in excess of the appraisal relied upon by the Referee. In connection therewith, Metz submitted two separate appraisals in support of such contention. Counsel for both defendants reiterated this claim and further asserted, *inter alia,* that the judgment of foreclosure and sale did not include an adjudication of the parties responsible for the deficiency as required pursuant to RPAPL 1371.

In response thereto and contending that Supreme Court had the right to amend such judgment nunc pro tunc to contain such adjudication of personal liability as a correction of a clerical error or omission pursuant to CPLR 5019, plaintiff moved to amend the judgment of foreclosure nunc pro tunc since such correction would not impair the substantive rights of the parties in light of the notice provided by the complaint, the grant of summary judgment and the order of reference. Plaintiff further contended that since it was the only bidder at such sale, the sale could be conducted again if so directed by the court.

Only counsel for both defendants opposed such motion. Raising issues concerning both the fair market value of such property and the conduct of the sale, counsel argued that an amendment of the judgment nunc pro tunc would affect the parties' substantive rights. No affidavits, however, were submitted by the individual defendants detailing the manner in which their rights would be affected. Counsel for plaintiff

---

* Such order was amended by order dated April 17, 1991 which essentially rescinded the prior appointment of a Referee and redesignated a new Referee.

responded by reviewing each and every issue raised by counsel's affirmation, noting particularly that there was no evidence indicating reliance by either defendant to their detriment or that either defendant would suffer prejudice if the relief was granted. Supreme Court denied the motion to amend and plaintiff was granted leave to reargue. Upon reargument, Supreme Court adhered to its previous decisions. Plaintiff appeals.

We note that a defect or irregularity in a judgment or order that affects no substantial right of a party may be corrected at the appellate level (see, CPLR 5019 [a]; *Halloran v Virginia Chems.,* 41 NY2d 386; *Gerenstein v Gerenstein,* 188 AD2d 868; *Matter of Fiorillo v New York State Dept. of Envtl. Conservation,* 162 AD2d 929). If, however, the amendment would impact on the substantive rights of the parties, such amendment would be beyond the power of the court (see, CPLR 5019; *cf., Di Prospero v Ford Motor Co.,* 105 AD2d 479). As it has been stated: "In the mortgage foreclosure context, substantive rights would be affected by an amendment adding a deficiency if, for example, the party against whom the deficiency is sought had relied upon the absence of the language in the judgment in not attending the foreclosure sale or otherwise protecting [their] interests in avoiding deficiency, or if that party were prejudiced by inadequate notice of the proceeding" *(Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.,* 731 F Supp 605, 608). It has been further noted that: "The clear import of New York law on this matter is that courts should exercise caution and circumspection before amending, *nunc pro tunc,* a judgment of sale. Amending such a judgment after auction has taken place (although before the judgment has been fully executed) is fraught with possibilities of prejudice" *(supra,* at 608-609).

Hence, while the absence of a provision directing the recovery of a deficiency judgment against a named defendant in a judgment of foreclosure has been held to be a matter of substance, particularly after a foreclosure sale has been held *(see, Conger v Callahan,* 252 App Div 867; *Harlem Sav. Bank v Salvador Realty Corp.,* 175 Misc 504; *Gellens v Saso,* 44 NYS2d 84), we find that such amendment may still be implemented, absent a showing of prejudice *(see, Di Prospero v Ford Motor Co., supra; see also, Security Pac. Mtge. & Real Estate Servs. v Herald Ctr., supra).* Here, while it is uncontested that Metz failed to answer the complaint within the time allowed, the record does not reflect that plaintiff sought entry of judgment against Metz based upon the default *(see,* RPAPL

1321; CPLR 3215). The judgment of foreclosure which is now sought to be amended nunc pro tunc was issued as a result of plaintiff's motion for summary judgment directed solely against Maplewood. Hence, as to Metz, we find that plaintiff's motion to amend the judgment would affect a substantial right and is therefore beyond Supreme Court's corrective power pursuant to CPLR 5019 (a) *(see, Herpe v Herpe,* 225 NY 323; *see also,* Siegel, NY Prac § 420, at 641 [2d ed]).

As to Maplewood, however, in light of the notice contained in the prayer for relief in the complaint, the lack of opposition to the motion for summary judgment directed solely against Maplewood, the order which granted the motion for summary judgment and directed that plaintiff have judgment for the relief demanded in the complaint, coupled with a lack of any showing of prejudice or injury which would result from the correction of the omission, we find that no substantive rights of Maplewood would be affected by an amendment of the order nunc pro tunc.

Mikoll, J. P., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting plaintiff's motion to amend the judgment to add a specific reference to defendant Maplewood Land Development Company, Inc. in the deficiency provision thereof, and, as so modified, affirmed.