■ THE PINES AT SETAUKET, INC., Appellant, v RETIREMENT MANAGEMENT GROUP INC. et al., Respondents, et al., Defendants. [636 NYS2d 121] —In an action to foreclose a mortgage, the plaintiff appeals (1) from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 29, 1994, as denied its motion pursuant to RPAPL 1371 for leave to enter a deficiency judgment, and (2), as limited by its brief, from so much of an order of the same court, dated September 27, 1994, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated March 29, 1994, is dismissed, as that order was superseded by the order dated September 27, 1994, made upon reargument; and it is further,

Ordered that the order dated September 27, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents Retirement Management Group Inc., Howard Chamberlain, David Kazarian, and Kenneth Messier are awarded one bill of costs.

The plaintiff moved, *inter alia,* for leave to enter a deficiency judgment against the defendants Retirement Management Group Inc., Howard Chamberlain, David Kazarian, Kenneth Messier, Robert Fuller, Marvin Smernoff, Peter Bryden, and James D. Salter (hereinafter the respondents). The Supreme Court found that the language used in the judgment of foreclosure and sale was insufficient to adjudicate deficiency liability against any of the respondents *(see, Bankers Trust Co. v 1 E. 88th St. Corp.,* 283 NY 369; *Cassia Corp. v North Hills Holding Corp.,* 281 App Div 709, *affd* 305 NY 837; *see generally,* 2 Bergman, New York Mortgage Foreclosures § 34.02 [3]). We agree. The language employed merely granted the plaintiff permission to seek a deficiency judgment. It did not adjudicate the right to obtain a deficiency judgment *(cf.,* 15 Carmody-Wait 2d § 92:243; 2 Bergman, New York Mortgage Foreclosures § 27.08 [1] [a]). Therefore, the court did not err by denying the plaintiff's motion for leave to enter a deficiency judgment.

However, the plaintiff appears to have satisfied the requirements of RPAPL 1371 as to the defendants Howard Chamberlain and Kenneth Messier and, but for an error of draftsmanship in the judgment of foreclosure and sale, the plaintiff apparently would be entitled to a sizeable deficiency judgment. In light of these circumstances, our determination of this appeal is without prejudice to the plaintiff in moving to amend the judgment of foreclosure and sale. Such an amendment might be appropriate if the respondents would not be prejudiced thereby *(see,* CPLR 5019 [a]; *Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.,* 210 AD2d 606; *Haven Assocs. v Donro Realty Corp.,* 149 AD2d 667; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.,* 731 F Supp 605). Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.