■ NORTHERN CENTRAL BANK, Appellant, v JEAN CORNEBY, as Executor of CHARLES T. JONES, Deceased, Respondent, et al., Defendants. [645 NYS2d 942] —Peters, J. Appeals (1) from an order of the Supreme Court (Rose, J.), entered March 8, 1995 in Tioga County, which denied plaintiff's motion for a deficiency judgment against defendant Jean Corneby, and (2) from an order of said court, entered April 28, 1995 in Tioga County, which denied plaintiff's motion to amend a judgment of foreclosure.

This mortgage foreclosure action stems from a promissory note executed by Charles T. Jones in favor of plaintiff on January 6, 1977 in the amount of $98,000. The note was secured by a mortgage on rental property located in Tioga County. In August 1987, Jones conveyed the mortgaged property by warranty deed recorded on November 20, 1987 to defendants Paul G. Riffle, an attorney, and Robert J. Friant, Jr. Although the deed recited that the aforementioned mortgage debt would be

assumed and paid by both Riffle and Friant, neither one of them ever signed the deed.

Although Riffle and Friant made mortgage payments to plaintiff, the mortgage and note ultimately fell into default during 1990. Plaintiff notified Jones of the default, as the obligor under the note, by letter dated June 25, 1990. While counsel for Jones notified plaintiff in February 1991 that the property was transferred to both Riffle and Friant and that recourse should be pursued against such individuals, by letter dated February 25, 1991 plaintiff made it clear that since it did not consent to the transfer of the property in 1987, it was not going to release Jones from liability. It did, however, indicate that it would correspond with Riffle "with respect to the status of the mortgage * * * to find out what he and Mr. Friant's intentions are concerning this debt".

By letter dated August 20, 1991, counsel for plaintiff advised counsel for the estate of Jones[1] that an agreement was reached with Friant whereby he would make specified monthly payments to defer a foreclosure action. It nonetheless indicated that it "intends to retain all rights * * * in the event that the mortgage delinquency is not cured pursuant to the present agreement * * * [with Friant] or in the event that there should be a future delinquency with respect to the account". Although counsel for the estate continued to seek a release from plaintiff since it appeared that Friant was willing to assume the obligation for the outstanding mortgage, plaintiff continuously refused to release it although it did agree to defer foreclosure.

As Friant failed to make the agreed-upon monthly payments, the property remained in default from February 1, 1990 to September 24, 1993. Notwithstanding the accrual of interest charges during such time and the continued default of the mortgage, tenants occupying the property paid their rent directly to Friant. On May 28, 1993, a mortgage foreclosure action was commenced against, *inter alia*, Riffle, Friant and defendant Jean Corneby, as executor of Jones' estate. Therein, plaintiff demanded a judgment which included, *inter alia*, that both Friant and Riffle, as well as Corneby, be adjudged to pay any deficiency which may remain after the foreclosure on this property. It is uncontested that Corneby, Riffle and Friant were personally served.

Riffle appeared and raised General Obligations Law § 5-705 as a defense, thus warranting the plaintiff's determination not to pursue the action against him, while both Friant and

---

1. Jones died on November 10, 1990.

Corneby defaulted. By order of reference dated September 16, 1993 a Referee was appointed and, on November 23, 1993, a judgment of foreclosure and sale was signed by Supreme Court. Therein, it directed that "if the proceeds of such sale be insufficient to pay the amount reported due * * * defendant Robert J. Friant, Jr., [shall be responsible for] the whole deficiency or so much thereof as the Court may determine to be just and equitable". Counsel for plaintiff forwarded a copy of the judgment of foreclosure and sale to Corneby by letter dated December 14, 1993. It was not until December 23, 1993, however, that counsel for Corneby submitted a notice of appearance.

A sale of this property was conducted on September 1, 1994, confirmed by an order dated December 15, 1994. By order to show cause dated December 21, 1994, plaintiff moved for a deficiency judgment against Corneby. Notwithstanding the equitable defenses raised by Corneby at such time, plaintiff's motion was denied since the judgment of foreclosure and sale had adjudged only Friant liable for any resulting deficiency. Plaintiff thereafter moved for an order correcting the error pursuant to CPLR 2001 and 5019, which was again denied based upon this Court's decision in *Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.* (210 AD2d 606).[2]

In *Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.* (*supra*), we found that a defect or irregularity in a judgment of this kind could properly be amended, even after sale, if it would not affect a substantial right of a party (*supra*, at 608). " 'In the mortgage foreclosure context, substantive rights would be affected * * * if, for example, the party against whom the deficiency is sought had relied upon the absence of the language in the judgment in not attending the foreclosure sale or otherwise protecting [their] interest in avoiding deficiency' " (*supra*, at 608, quoting *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.*, 731 F Supp 605, 608; see, *The Pines at Setauket v Retirement Mgt. Group*, 223 AD2d 539).

Notwithstanding plaintiff's contention that the error in the judgment did not prejudice Corneby since the relief demanded in the complaint sought a deficiency judgment against the estate, the record reflects that at all times prior to service of the complaint Corneby reasonably believed that plaintiff was negotiating the default directly with Friant. Thus, Corneby

---

2. Notwithstanding a notice of appeal being entered as to each order, we deem the appeal of the first order abandoned and thus we will solely review the propriety of Supreme Court's determination not to amend the judgment of foreclosure.

contended that when served with the summons and complaint, she did not make an appearance on behalf of the estate since it did not contest that there was a default in payment. Instead, Corneby contended that she was simply waiting for the appropriate time to assert, as an affirmative defense on behalf of the estate, plaintiff's failure to secure the rental payments made to Friant during the term of the default. Corneby further asserted that notwithstanding the late notice of appearance, she had received a copy of the judgment of foreclosure and sale which indicated that a deficiency judgment was solely being sought against Friant. Since the judgment of foreclosure and sale named only Friant as liable for any deficiency and it was Friant with whom Corneby believed plaintiff had entered into negotiations to cure the default, Corneby contended that she never sought to intervene at any stage in order to preserve the rights of the estate. Upon these facts, we find that Supreme Court correctly determined that there was a sufficient basis to find that Corneby had relied upon the absence of the language in the judgment to the prejudice of the estate.

Even if we were to determine that no substantive rights of the estate would be prejudiced by allowing the amendment, we would nonetheless find, under equitable principles, that the estate had raised a viable defense of latches to preclude the entry of judgment against it (*see*, *Kiker v Nassau County*, 85 NY2d 879).

Accordingly, the orders are affirmed.

White, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.