■ MBL LIFE ASSURANCE CORPORATION, Respondent, v 555 REALTY Co. et al., Appellants. [658 NYS2d 124] —In an action to foreclose a mortgage, the defendants appeal from so much of a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Berler, J.), entered March 5, 1996, as severed the second and third causes of action and granted the plaintiff leave to move pursuant to RPAPL 1371 for a deficiency judgment in the event that the defendants are found liable for any deficiency.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendants contend that the plaintiff should not be permitted to seek a deficiency judgment in the future because the judgment of foreclosure and sale did not contain an adjudication that they are liable for any deficiency. The defendants' argument is without merit. The Supreme Court previously denied the parties' applications for summary judgment on the plaintiff's causes of action to recover any deficiency, finding the mortgage and note provisions ambiguous on the issue *(see, MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375 [decided herewith]). The Supreme Court then entered the judgment of foreclosure and sale based on the uncontested cause of action for foreclosure, specifically providing that should it be determined that the defendants were liable for any deficiency, the plaintiff would be able to recover any such deficiency.

Thus, the issue of the defendants' liability for any deficiency was specifically reserved for future determination, and the court did not err in providing that the plaintiff would be entitled to seek a deficiency judgment in the event that the defendants were held liable for it *(cf., Pines at Setauket v Retirement Mgt. Group,* 223 AD2d 539). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.