■ THE PINES AT SETAUKET, INC., Respondent, v RETIREMENT MANAGEMENT GROUP INC. et al., Defendants, and How-

ARD CHAMBERLAIN et al., Appellants. [667 NYS2d 762] —In an action to foreclose a mortgage, the defendants Howard Chamberlain and Kenneth Messier appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered September 13, 1996, which granted that branch the plaintiff's motion which was to amend a judgment of foreclosure and sale of the same court, dated January 23, 1993, so as to include a provision adjudicating deficiency liability as against them.

Ordered that the order is affirmed, with costs.

The defendants Howard Chamberlain and Kenneth Messier (hereinafter the guarantors) personally guaranteed certain consolidated loans made by, *inter alia,* Marine Midland Bank, N. A. (hereinafter Marine Midland), in connection with a residential real estate development in Suffolk County. When the mortgagor defaulted in its payment obligations, Marine Midland commenced a foreclosure action in which it sought, *inter alia*, an adjudication that the guarantors would be liable in the event of a deficiency remaining after the foreclosure sale.

On the parties' prior appeal (*The Pines at Setauket v Retirement Mgt. Group,* 223 AD2d 539), we held that the plaintiff, Marine Midland's assignee, was not entitled to recover a deficiency judgment against the guarantors because the judgment of foreclosure and sale did not expressly adjudicate that the guarantors would be liable for a deficiency. Instead, the judgment merely provided "that the *plaintiff may apply,* after sale hereunder, pursuant to [RPAPL 1371], for a deficiency judgment against [guarantors] * * * Howard Chamberlain [and] Kenneth Messier * * * for such deficiency, if any, to which the Court shall deem the plaintiff to be entitled" (emphasis supplied). However, we further held that because the foregoing provision was but a technical defect in the nature of an "error of draftsmanship", and because the plaintiff appeared to be otherwise entitled to a sizeable deficiency judgment, our decision and order was without prejudice to the plaintiff moving to amend the judgment of foreclosure and sale so as to provide for a deficiency judgment against the guarantors, as we determined that such an amendment "might be appropriate if the [guarantors] would not be prejudiced thereby" (*The Pines at Setauket v Retirement Mgt. Group, supra,* at 540).

The plaintiff thus moved to amend the judgment of foreclosure and sale accordingly, and the court granted the motion, finding that the guarantors would not be unfairly prejudiced. We now affirm.

There is ample authority to support the proposition that a

judgment of foreclosure and sale may be amended to provide for deficiency liability where, through an inadvertent omission, no such provision was originally included (*see, The Pines at Setauket v Retirement Mgt. Group, supra; Poughkeepsie Sav. Bank v Maplewood Land Dev. Co.,* 210 AD2d 606; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr.,* 731 F Supp 605; *cf., Northern Cent. Bank v Corneby,* 230 AD2d 937). Whether or not such an amendment should be permitted turns largely on whether the amendment would affect a defendant's substantive rights or cause undue prejudice. "In the mortgage foreclosure context, substantive rights would be affected by an amendment adding a deficiency if, for example, the party against whom the deficiency is sought had relied upon the absence of the language in the judgment in not attending the foreclosure sale or otherwise protecting her interests in avoiding deficiency, or if that party were prejudiced by inadequate notice of the proceeding" (*Security Pac. Mtge. & Real Estate Servs. v Herald Ctr., supra,* at 608; *see also, Poughkeepsie Sav. Bank v Maplewood Land Dev. Co., supra,* at 608).

Here, the guarantors have failed to adduce evidence that they would suffer any genuine prejudice as a result of the amendment. Their liability arises from the guaranty that they executed, not from the amendment of the judgment. It is uncontroverted that the guarantors were served with all relevant pleadings and motions identifying a deficiency judgment as one of the items of relief demanded, and were also served with the original judgment of foreclosure and sale which purported to adjudicate deficiency liability, but which failed to do so because of a technical omission. Their attorney's affirmation advanced conclusory and nonspecific claims of prejudice and was thus insufficient to warrant the denial of the plaintiff's motion. Unlike the numerous cases cited by the appellants where amendments were denied because the judgment of foreclosure and sale failed to contain *any* provisions regarding a deficiency (*see, Baehr v Smith,* 169 App Div 574; *Darmstadt v Manson,* 144 App Div 249; *Gellens v Sasso,* 44 NYS2d 84 [n.o.r.]; *Folser v Brown,* 43 NYS2d 247 [n.o.r.], *affd* 266 App Div 954; *Tousey v Barber,* 132 Misc 861), here the judgment of foreclosure and sale most clearly alerted the guarantors that the plaintiff intended to seek a money judgment against them personally in the event of a deficiency. Since the guarantors failed completely to establish prejudice, the court properly permitted the amendment of the judgment of foreclosure and sale to include decretal language adjudicating deficiency liability.

We have reviewed the appellants' remaining contentions and

find them to be without merit. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.