■ GATEWAY STATE BANK, Respondent-Appellant, v WINCHESTER BUILDERS, INC., et al., Defendants, and NAEEM AHMED, Appellant-Respondent. [670 NYS2d 518] —In an action to recover on a guaranty, the defendant Naeem Ahmed appeals from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated January 29, 1997, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $189,781.71, and the plaintiff cross-appeals, as limited by its brief, on the ground of inadequacy, from so much of the judgment as was in favor of the plaintiff and against the defendant Naeem Ahmed in the principal sum of only $189,781.71.

Ordered that the judgment is modified, on the law, by deleting the provision thereof which awarded the plaintiff damages in the principal sum of $189,781.71, and substituting therefor a provision awarding the plaintiff damages in the principal sum of $230,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.

In 1988, the plaintiff, Gateway State Bank (hereinafter the bank), issued a $420,000 construction loan to the defendant Winchester Builders, Inc. (hereinafter Winchester), which was secured by a mortgage on two lots of real property in Staten Island. In consideration for the loan, on December 20, 1988, the defendant Naeem Ahmed executed a guaranty agreement in which he unconditionally guaranteed payment of Winchester's obligation to the bank. Under the terms of the guaranty,

Ahmed's liability was to be "limited to $230,000.00 plus interest".

In June 1989, the bank made a second $150,000 loan to Winchester, which was partially secured by the two Staten Island lots which formed the collateral for the prior loan. The second loan was not guaranteed. Winchester subsequently defaulted on its obligations under the loan agreements, and the two Staten Island lots were sold for a total of $230,218.29. The bank applied $218,789.59 of the sale proceeds to the loan guaranteed by Ahmed, and the balance to the second loan.

On appeal, Ahmed contends that the Supreme Court erred in awarding judgment in favor of the bank because his guaranty applied only to the first $230,000 of the guaranteed loan, and he was discharged from liability once the plaintiff recovered over $230,000 from the sale of the secured property. However, the language limiting Ahmed's personal liability to $230,000 did not change the continuing and unconditional nature of his guaranty of every obligation of the borrower to the lender (*see, Federal Deposit Ins. Corp. v Schwartz,* 78 AD2d 867, 868, *affd* 55 NY2d 702; *Franklin Natl. Bank v Skeist,* 49 AD2d 215, 218). Accordingly, the Supreme Court properly determined that Ahmed agreed to pay any part of the $420,000 loan not paid by Winchester up to the maximum amount of $230,000.

Furthermore, by the express terms of the guaranty, Ahmed consented to allow the bank to extend the borrower's liability, and to sell or surrender the collateral security, "without impairing or affecting in any way the liability of the guarantor". Thus, there is no merit to Ahmed's claim that he was discharged from liability by the bank's release of its lien on the Staten Island lots which secured the guaranteed loan, or by the bank's extension of the maturity date of the loan agreement (*see, Indianapolis Morris Plan Corp. v Karlen,* 28 NY2d 30, 34; *Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, *affd* 58 NY2d 1023; *Bank of N. Y. v CMS Funding,* 201 AD2d 602).

However, the Supreme Court erred in finding that Ahmed was entitled to an offset for that portion of the proceeds of the sale of the Staten Island lots which the bank applied to the second loan because he did not consent to the use of this property as partial collateral for the second loan. Ahmed's liability as guarantor was not discharged by the use of the collateral to partially secure the second loan, and the proceeds of the sale of the property constituted a form of voluntary payment from the borrower, which the bank was entitled to "apply in the manner most advantageous to it" (*Commercial Trading Co. v Freidus,*

114 AD2d 292, 295; *see also, Walther v Bank of N. Y.,* 772 F Supp 754, 762). Therefore, the plaintiff is entitled to recover the full principal sum of $230,000 from Ahmed. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.