■ FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff, v ROBIN CONSTRUCTION CORPORATION, Defendant, and TED KAN-

TOR et al., Respondents. NATIONAL COLLECTORS & LIQUIDATORS, LP, Nonparty Appellant. [767 NYS2d 866]—

In an action to foreclose a mortgage, National Collectors & Liquidators, LP, the plaintiff's assignee, appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated July 26, 2002, as denied those branches of its motion which were for leave to amend an amended judgment of foreclosure and sale of the same court dated November 14, 2001, to include a provision adjudicating deficiency liability against the defendants Ted Kantor and Isaac Kantor, and for leave to enter a deficiency judgment against those defendants.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Robin Construction Corporation (hereinafter Robin Construction) issued a mortgage and note to secure a construction loan from the Community National Bank and Trust Company of New York (hereinafter Community Bank). The defendants Ted Kantor and Issac Kantor each personally guaranteed the obligation to Community Bank. After Robin Construction defaulted on the loan, the plaintiff Federal Deposit Insurance Corporation (hereinafter the FDIC), as receiver for Community Bank, commenced this foreclosure action. The FDIC also sought to hold Robin Construction and the Kantors liable for any deficiency that remained. Summary judgment in favor of the plaintiff was granted against Robin Construction and the Kantors. However, neither the judgment of foreclosure and sale, nor the amended judgment of foreclosure and sale, contained a provision granting the right to a deficiency judgment against the Kantors. Rather, it granted such a right only against Robin Construction. After the sale of the mortgaged property, the appellant, as assignee of the FDIC, moved for leave to amend the amended judgment to include a provision granting leave to enter a deficiency judgment against the Kantors (*see* CPLR 5019), and for the award of such a deficiency judgment (*see* RPAPL 1371). However, in opposition, the Kantors submitted affidavits in which they asserted that, in reliance on the amended judgment

of foreclosure and sale, which did not impose liability on them for such a deficiency, they did not attend the foreclosure sale to protect their interests. They averred that had such liability been imposed in the amended judgment, they would have attended the sale and bid on the property. Accordingly, in light of the prejudicial affect that the proposed relief would have on the substantial rights of the Kantors, such relief was properly denied (*see Pines at Setauket v Retirement Mgt. Group,* 246 AD2d 528 [1998]; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr. Ltd.,* 731 F Supp 605, 608 [1990]; *see also* CPLR 5019 [a]; *Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.,* 210 AD2d 606 [1994]). Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.