■ ANTHONY PIRRERA et al., Appellants, v FMO ASSOCIATES II, LLC, Defendant, and THOMAS J. PIRKL et al., Respondents. [934 NYS2d 177]—

The defendant FMO Associates II, LLC (hereinafter FMO Associates), executed a note and mortgage in favor of the plaintiffs in the amount of $540,000 in connection with certain commercial property. The defendants Thomas J. Pirkl, Al Daddio, and Douglas J. Hynes (hereinafter collectively the individual defendants) individually guaranteed the note. FMO Associates thereafter defaulted on the note, and the plaintiffs commenced this action against FMO Associates and the individual defendants to foreclose the mortgage and for a deficiency judgment against FMO Associates and the individual defendants. A judgment of foreclosure and sale was entered in August 2008. The judgment of foreclosure and sale did not contain a provision granting the right to a deficiency judgment against the individual defendants but, rather, only granted the right to a deficiency judgment against FMO Associates. After the property was sold, the plaintiffs moved, inter alia, to amend the judgment of foreclosure and sale to add deficiency liability against the individual defendants, and for leave to enter a deficiency judgment against FMO Associates and the individual defendants. The Supreme Court denied the motion to amend the judgment of foreclosure and sale and denied that branch of the separate motion which was for leave to enter a deficiency judgment against the individual defendants.

"[A] judgment of foreclosure and sale may be amended to provide for deficiency liability where, through an inadvertent omission, no such provision was originally included" (*Pines at Setauket v Retirement Mgt. Group*, 246 AD2d 528, 529-530 [1998]; *see Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d 606, 608 [1994]; *see also Security Pac. Mtge. & Real Estate Servs., Inc. v Herald Ctr. Ltd.*, 731 F Supp 605, 607-609 [1990]). If, however, the amendment would affect a defendant's substantive rights or cause undue prejudice, such amendment would be beyond the power of the court (*see* CPLR 5019 [a]; *Pines at Setauket v Retirement Mgt. Group*, 246 AD2d at 530; *Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d at 608).

Here, in opposition to the plaintiffs' motion, the individual defendants submitted affidavits in which they essentially averred that, in reliance upon the judgment of foreclosure and

sale, which did not impose liability on them for any deficiency, they did not attend the foreclosure sale and bid on the property or otherwise act to protect their interest in connection with the sale. Moreover, nothing in the judgment of foreclosure and sale sufficiently alerted the individual defendants that the plaintiff intended to seek a money judgment against them personally in the event of a deficiency (*cf. Pines at Setauket v Retirement Mgt. Group*, 246 AD2d at 530). Accordingly, in light of the prejudicial effect that the proposed relief would have on the substantive rights of the individual defendants, such relief was properly denied (*see* CPLR 5019 [a]; *Federal Deposit Ins. Corp. v Robin Constr. Corp.*, 2 AD3d 395, 396-397 [2003]; *cf. Pines at Setauket v Retirement Mgt. Group*, 246 AD2d at 530; *Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d at 608-609; *Security Pac. Mtge. & Real Estate Servs. v Herald Ctr. Ltd.*, 731 F Supp at 609). Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.