■ NORTH HILL FUNDING OF NEW YORK, LLC, Respondent, v MAIDEN & MADISON HOLDINGS, LLC, et al., Appellants. (And Another Action.) [13 NYS3d 13]—Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 16, 2014, in favor of plaintiffs, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded for further proceedings in accordance herewith.

In an order entered December 23, 2011, Supreme Court construed the limitation in defendants' guaranty of a loan by plaintiff to apply to the total of the guaranteed obligation minus any money collected by plaintiff. Defendants noticed but failed to perfect an appeal from the order; "after allowing the first [appeal] to die on the vine," they do not have the right to raise the same issues on a subsequent appeal (*Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 755 [1999], citing *Bray v Cox*, 38 NY2d 350 [1976]). Nor is this one of the rare cases in which the interest of justice compels us to exercise our

discretion to reach these issues (*see generally Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]). Were we to do so, we would find that the court correctly construed the limitation in the guaranty (*see Gateway State Bank v Winchester Bldrs.*, 248 AD2d 588 [2d Dept 1998], *lv denied* 92 NY2d 807 [1998]). However, the "corrected" judgment would nonetheless have to be vacated. After a final judgment was entered in 2010, the court allowed plaintiff, on a CPLR 5019 motion, and after the referee's report to enter a new judgment which recalculated the amount due based on the deficiency between the nonparty borrower's obligation and plaintiff's collections. Plaintiff's motion was in essence an impermissible motion for a deficiency judgment in an action on a mortgage debt (*see* RPAPL 1301, 1371). Moreover, the correction of the judgment impermissibly affected a substantial right of defendants (CPLR 5019 [a]; *see Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d 606, 608 [3d Dept 1994]).

Defendants' objections to the special referee's calculations of the value of certain collateral obtained by plaintiff for which they are due credit are not barred. Defendants are correct that plaintiff is obligated to show that it disposed of the collateral in a commercially reasonable manner (*see Weinsten v Fleet Factors Corp.*, 210 AD2d 74 [1st Dept 1994]). Thus, the credit due defendants must be reconsidered in light of plaintiff's burden to establish that its disposition of the collateral was commercially reasonable. Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.