■ NORTH HILL FUNDING OF NEW YORK, LLC, Respondent, v MAIDEN & MADISON HOLDINGS, LLC, et al., Appellants. (And Another Action.) [16 NYS3d 60]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 16, 2014, in favor of plaintiffs, unanimously reversed, on the law, with costs, the judgment

vacated, and the matter remanded for further proceedings in accordance herewith.

In 2010 plaintiff lender obtained a money judgment against defendants guarantors in excess of $36 million, plus interest. Subsequently the lender, guarantors and 158 Madison Avenue Associates (borrower) agreed that the real property could be sold and the borrower would pay the lender $34.4 million to release its lien. All sides reserved their rights in a written, so-ordered, stipulation which provided, inter alia, that the issue of how the release payment would be applied to the guarantors' debt would be decided by the court. According to the guarantors, the borrower's payment should be applied to the judgment, thereby extinguishing their obligations to the lender, because the borrower was thereafter released from any remaining debt. In an order entered December 23, 2011, Supreme Court construed the limitation in defendants' guaranty to apply to the total of the guaranteed obligation minus any money collected by plaintiff, meaning that the lender could pursue any of the borrower's remaining debt in excess of the release amount against the borrower or the guarantor, even if the lender decided not to pursue the debt against the borrower. Supreme Court then ordered a hearing before a special referee to report the amount due the lender, based on the deficiency between the nonparty borrower's obligation and the lender's collections. Following the report, the lender entered a "corrected" judgment against the guarantors which superceded the 2010 judgment it already had.

Although the guarantors did not pursue their appeal of the December 23, 2011 order and failed to perfect it, those issues are fundamental to the issues on this appeal and provide the foundation for this "corrected" judgment. Therefore, we reach them, in the exercise of our discretion (*see generally Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]). In doing so, we find that the court correctly construed the limitation in the guaranty (*see Gateway State Bank v Winchester Bldrs.*, 248 AD2d 588 [2d Dept 1998], *lv denied* 92 NY2d 807 [1998]). The "corrected" judgment should never have been entered, it must be vacated, and the 2010 judgment reinstated. There was no need for a new judgment after the Referee's report, which recalculated the amount due based on the deficiency between the nonparty borrower's obligation and plaintiff's collections, was confirmed; the lender could simply have proceeded to enforce the 2010 judgment it already had, as adjusted for the credits it had already received, plus the interest that had accrued. The correction of the 2010 judgment impermissibly af-

fected a substantial right of defendants (CPLR 5019 [a]; *see Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d 606, 608 [3d Dept 1994]).

Furthermore, defendants' objections to the Special Referee's calculations of the value of certain collateral obtained by plaintiff for which they are due credit are not barred. Defendants are correct that plaintiff has the burden of establishing the commercial reasonableness of the disposition of the collateral (*see Weinsten v Fleet Factors Corp.*, 210 AD2d 74 [1st Dept 1994]). This was not, however, part of the reference to the Special Referee. Thus, a further hearing on whether the collateral was disposed of in a commercially reasonable manner is necessary with a possible recomputation of the deficiency. We remand for further proceedings in conformance of our order. Concur—Mazzarelli, J.P., Sweeny, Gische and Clark, JJ.